HALL<br><i>v.</i><br>HILL.

---

## LEWIS J. MILES *v.* JOHN CRAIG.

Where a fine is imposed by an ordinance of a police jury for the commission of certain acts, any one injured by a person violating the ordinance, has a right of action for the damages, independent of the fine imposed; and a judgment previously rendered against the offender is no bar to such an action.

APPEAL from the District Court of Bossier, *Bullard*, J. *Andrew Lawson*, for plaintiff. *H. M. Spofford*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff was the lessee of the police jury of the parish of Bossier, of a ferry across Benoist's Bayou, on the road from Shreveport to Arkansas. The ordinance of the police jury prohibited any person from keeping a ferry within a mile of the established ferry, under a penalty of fifty dollars per day, for the benefit of the lessee.

The plaintiff alleged and proved, that the defendant kept a free ferry for a length of time before the institution of his suit, within less than a mile of the ferry leased to him. He claims a large amount of damages, but a verdict and judgment was rendered in his favor only for $13 75, and costs, from which he has appealed.

He took, in the course of the trial, two bills of exception, which we do not think were tenable, and which his counsel seems to have waived in this court. He moved for a new trial, on account of the modicity of the damages allowed by the jury, and, it appears to us, he had reason to do so. But the district court having refused a new trial on matters of fact alone, which were so peculiarly proper for the decision of a jury; and the evidence being indefinite and conflicting, and of a character that did not satisfy the jury, we are unable to afford relief to the plaintiff.

The defendant contends that the judgment is erroneous, because the suit should have been brought by the police jury of the parish, for the penalties

MILES
*v.*
CRAIG.

imposed for the benefit of the plaintiff. Relief might, perhaps, have been obtained in that manner; but, then, the acts of the defendant caused direct damages to the plaintiff, and he had a right to seek redress in his own name. C. C. 2294.

The plea of *rei judicatæ* is equally untenable. In the former suit, the plaintiff prayed judgment for the amount of the penalties, imposed by the police jury and incurred by the defendant, for violating the ferry privileges conferred by his lease. This court held, that the police jury, alone, could enforce those penalties; but expressly referred the plaintiff to his civil remedy for damages. 3d Ann. 636.

The testimony of *Cross* was objected to, on the ground that he was an interested witness. *Oliver* proved "that *Cross* had told him there was not much probability of his getting any thing from *Miles*, the plaintiff, as *Miles* had promised to pay him out of money he should get from *Craig*, for keeping the ferry; that *Miles* was gone, and his chance was only out of the judgment." Being the creditor of an insolvent plaintiff, may impeach the credit of his witness, but does not render him incompetent. The whole tendency of modern decisions is in favor of impeaching the credit, and not the competency of witnesses.

The judgment of the district court is affirmed, and the appellant is condemned to pay the costs of the appeal.