### OVERTON ET AL. *vs.* OVERTON.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF CARROLL.

The Court of Probates is without jurisdiction, and incompetent to decide on an agreement between parties claiming a succession, which contains a promise to sell and other conditions of a contract.

The question, whether one of the parties who claims the estate, and is not an heir, had lost any rights under the agreement by a non-compliance with its conditions, was one of title, involving his right as a purchaser, which the Probate Court is clearly incompetent to decide.

The Court of Probates may decree provisional possession of the estate to the presumptive heirs of an absentee ; but at the same time, if they claim as part of the estate, property in possession of any one, they must assert their right contradictorily with the possessor, in the ordinary tribunal.

When the court is without jurisdiction as to the principal demand, it is without authority to issue a writ of sequestration, which is but an incident and a cautionary measure.

The plaintiffs allege that they are the heirs and legal representatives, to wit, the brothers and sister of Samuel Overton, deceased, late of the parish of Carroll, who died possessed of several slaves and considerable personal property. That one John Overton Patten, who calls himself John P. Overton, has taken possession of all of said property without any legal authority, and they fear will take advantage of his possession to run the property out of the jurisdiction of the court. They desire also to accept the succession of their deceased brother, with the benefit of inventory, and that an administrator be appointed. They therefore pray that they be recognized as heirs ; that an inventory be made of all the property, and an administrator appointed to administer it, and that a writ of sequestration issue, and all the said property be taken out of the possession of the defendant, &c.

The defendant, at the April term, 1836, of the Probate Court, filed an exception and motion to dismiss this suit, for errors apparent on the face of the record, and that the sequestration be dissolved for errors and defects of record.

This exception was overruled by the court.

An exception was then put in, declining to answer, and excepting to the jurisdiction of the Probate Court to try the case, as it involved a question of title.

This exception was also overruled, and an answer put in to the merits.

The defendant pleaded a general denial; and further averred that the property mentioned in the petition is not *that* of the estate of Samuel Overton, deceased, but belongs to this respondent by purchase, as will be shown by reference to a notarial act, dated some time in December, 1832 ; that he has been in possession a considerable time, and acquired title thereto, &c. For these considerations the Probate Court is without jurisdiction of this matter, &c. He prays that the suit be dismissed.

Upon these pleadings and issues the parties went to trial.

The cause was set for trial on the 30th April, 1836.

The plaintiffs offered in evidence a document executed by them and the defendant, in which the latter acknowledges the plaintiffs are the heirs and legal representatives of Samuel Overton, deceased, and that he has assets of the succession in his hands amounting to the sum of twelve thousand four hundred and seventy dollars ; and binds himself in a penalty to pay in cash, within eleven days, said sum to the plaintiffs, after deducting three or four thousand dollars, for which he had become liable on account of the succession. In consideration of this payment, the plaintiffs, as heirs of Samuel Overton, deceased, bind themselves to transfer all of their right and title to said succession, so far as it has been inventoried, and to dismiss this suit. It was expressly stipulated that this agreement should be complied with in eleven days from the signing. Dated April 7th, 1836.

WESTERN DIST.    The reading of this document was objected to by the
October, 1836.   defendant, but admitted in evidence, and a bill of exceptions
OVERTON ET AL.   taken to the opinion of the court.
_vs._                 There was full proof that the plaintiffs were the heirs of
OVERTON.         Samuel Overton, deceased; that his succession was opened
in the parish where the suit was pending; that it was in
possession of the defendant, who claimed it as heir also.

The plaintiffs offered in evidence a petition of the
defendant, in which he had represented himself as a
nephew to the deceased, and claimed to be appointed
curator of his succession.

The judge of probates rendered judgment, confirming the
plaintiffs in their capacity of heirs, that they be put in pos-
session of the deceased Samuel Overton's succession, and
that they have the administration thereof. The defendant
appealed.

*Friend*, for the plaintiff.

*Selby*, for defendant.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs represent, in their petition, filed on the 19th
March, 1836, that they are the heirs of Samuel Overton,
deceased, who left property, consisting of slaves and mova-
bles. That one John Overton Patton, who calls himself
John P. Overton, has taken possession of the whole property
without authority. They express a desire to accept the suc-
cession with the benefit of inventory; pray that they may
be recognized as heirs; that an administrator may be ap-
pointed; that the property may be sequestered; that the
defendant may have notice of these proceedings; and
that he be ordered to surrender into their hands all the
papers, books, vouchers and money, which may have come
into his hands, belonging to the estate. On this petition,
under date of March 18th, 1836, the judge ordered that the
petitioners be recognized as heirs; that they be allowed to
accept the succession, under benefit of inventory; that an
administrator be appointed; that the property be in the mean

time sequestered, on the petitioners giving bond, and that an
inventory be made.

On the sixth of April, the defendant filed a motion, praying
that the suit be dismissed for errors apparent of record, and
that the sequestration be dissolved.

The exceptions, thus brought to the notice of the court
somewhat loosely, are specifically set forth in what is called
a bill of exceptions, to which our attention has been called.
The objections were : 1st. That the citation did not set forth
the residence of the defendant, nor the place where the
office of the clerk is kept : 2d, That the sequestration ought
to be set aside, because a copy of the orders was not served
on the defendant, and that the court erred in ordering a copy
to be served afterwards : 3d. That the petition is insufficient,
as it does not set forth the residence of the defendant.

After these exceptions were overruled, to wit : on the 27th
of April, the defendant filed his answers, in which he denied
the allegations in the petition. He further alleges that he
is in possession of the property, as an owner by purchase, as
evidenced by an act passed before F. De Amas, notary
public. He denies the jurisdiction of the Probate Court, to
decide upon the question of title, and prays that the suit
may be dismissed.

The court sustained its jurisdiction, and after trial
adjudged that the plaintiffs were heirs at law; that they
should be put in possession, and have the administration.

In the progress of the trial the plaintiffs gave, in evidence,
a document bearing date the 7th of April, 1836, after the
inception of this suit, by which it appears that the defendant
acknowledges the plaintiffs to be the heirs at law of Samuel
Overton ; that he had in his hands assets belonging to the
estate amounting to twelve thousand four hundred and
seventy-two dollars, which he binds himself, under the pen-
alty of ten thousand dollars, to pay over to the plaintiffs,
after deducting three thousand and seventy-five dollars, for
which he had become responsible, on account of the estate,
and such other debts as may be presented and properly es-
tablished against the same, within eleven days, within

WESTERN DIST.
October, 1836.

OVERTON ET AL.
vs.
OVERTON.

which time the agreement is to be fully accomplished. The plaintiffs bind themselves, under the penalty of four thousand dollars to transfer to the defendant, on his compliance with his part of the agreement, all their right, title and interest to and in the succession of Samuel Overton, so far as it has been inventoried in the parish of Carroll, including a tract of land in the parish of Iberville. They further bind themselves to dismiss this suit. It was agreed that this agreement should be deposited with the parish judge, to be used by either party on the failure of the other to comply, "which shall be manifested by the party wishing, by his appearing at the office of the parish judge, on the 18th of April, and there declaring, in the presence of witnesses, that he or they are ready to do so."

The Court of Probates is without jurisdiction and incompetent to decide on an agreement between parties claiming a succession, which contains a promise to sell and other conditions of a contract.

The question, whether one of the parties who claims the estate and is not an heir, had lost any rights under the agreement by a non-compliance with its conditions, was one of title, involving his right as a purchaser, which the Probate Court is clearly incompetent to decide.

This was certainly a promise to sell, under certain conditions, and an admission that the defendant was in possession, and had made large advances on account of the estate. The question, whether the defendant had lost any right under that agreement by a non-compliance with its conditions, was one which the Probate Court was clearly incompetent to try, inasmuch as the defendant does not appear as a co-heir, but as a stranger to the succession, and in possession, with the consent of the plaintiffs, and under a contract, by which he became the owner, on complying with certain conditions within the limited period. The Probate Court could not inquire whether the defendant had been properly put in delay, or whether he may not have been prevented from performing the conditions within the time, by the acts of the plaintiffs themselves. In deciding on those questions, the court would necessarily inquire into the right of the defendant as purchaser, and upon his title to the property.

The probate judge seems to have supposed that he had jurisdiction in this case under that provision of the Code of Practice which gives to Courts of Probate exclusive authority to decide on the putting in provisional possession of the heirs of absentees. *Article* 924, *No.* 12. But this is not the estate of an absentee. The ancestor died in the

parish, and never appears to have been an absentee. He cites, in support of his view of the case, the decision of this court in the case of *Donaldson* vs. *Dorsey et al.*, 4 *Martin*, *N. S.* 509.

In that case the defendants were in possession of some property claimed by the presumptive heirs of an absentee. The defendants pleaded to the jurisdiction of the Probate Court. The exception was sustained in both courts. The Supreme Court held that the Probate Court was correct in decreeing provisional possession of the *estate* to the presumptive heirs, but at the same time they say, that if they claim as part of the estate, property in possession of any one, they must assert their right contradictorily with the possessor in the ordinary tribunal. (*Loco citato.*)

The case now before the court presents no other question which the defendant had any interest in contesting. It was unnecessary to cite him, in order to establish the heirship of the plaintiffs, and they were, in fact, recognized as heirs by the probate judge before the citation issued ; and they had already assumed the quality of heirs, by undertaking to sell the estate. As a claim for the administration, the law does not require that persons interested in the estate should be made parties to a suit for the purpose of contesting the right of the applicant, and only requires public notice of the application.

As the court was, in our opinion, without jurisdiction, as to the principal demand, it was without authority to issue the writ of sequestration, which is but an incident and a cautionary measure.

We have not thought it necessary to inquire as to the correctness of the proceeding, in overruling the first exceptions, because most of them related to such defects as might have been cured by amendment, and the defendant does not deny that he is the same person mentioned in the citation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed ; that the exception to the jurisdiction be sustained, and the suit dismissed ; and that the plaintiffs and appellees pay the costs in both courts.