[No. 2,819.]

HARRIET ANDERSON, ARTHUR B. ROSS, EXECUTOR
OF D. L. ROSS, DECEASED, JOHN D. HOLLINGS-
WORTH, AND HEZEKIAH S. HOLLINGSWORTH,
JOSEPH B. HOLLINGSWORTH, SARAH E. DUN-
CAN, AND WILLIAM T. HOLLINGSWORTH, MINORS,
BY THEIR GUARDIAN *ad litem,* J. D. HOLLINGSWORTH,
*v.* JOHN FISK, S. C. HASTINGS, WM. J. DOBBINS,
MASON WILSON, WM. B. DAVIS, ADMINISTRATOR
OF WILS. DAVIS, DECEASED, E. F. GILLESPIE, P.
ABRAHAMSON, W. J. GLENN, BASCOM JEWETT,
MARION JANES, JACOB BLUM, M. BLUM, JOHN
BLUM, AND E. LONG.

JURISDICTION OF PROBATE COURT — RECONVEYANCE BY EXECUTOR OF
LAND HELD AS SECURITY.—A Probate Court has no authority, on the
petition of an executor, to order him, on the receipt of money loaned, to
reconvey real estate, conveyed to his testator by deed absolute on its face,
but intended only as security for the repayment of such money.

APPEAL from the District Court of the Seventh Judicial
District, Solano County.

This was an action of ejectment, to recover possession of
a portion of the Rancho Los Putos, in Solano County. There
was a former appeal in the same case, which will be found
reported in 36 Cal. 625. It appears that the original title
was a Mexican grant to Manuel Cabeza de Vaca and Juan
Felipe Pena, afterwards confirmed and patented by the
United States Government.

The plaintiffs claimed title under a deed executed in 1848
by Vaca to Jacob D. Hoppe and Zimri Hollingsworth. This
deed was not recorded until December 31st, 1851; previous
to which, in 1850, Vaca executed another deed of the same
land, recorded August 22d, 1850, to William McDaniel, who
had also become the purchaser from Pena. In 1854, McDan-
iel executed a deed, absolute on its face, to J. Caleb Smith

and George T. Marye, of the land purchased by him of Vaca.
Afterwards J. Caleb Smith died, and Austin E. Smith was
appointed, by the Probate Court of the City and County of
San Francisco, the executor of his last will and testament.

In 1858, Austin E. Smith, as such executor, presented a
petition to the Probate Court of San Francisco, setting forth,
that on or before August 10th, 1854, McDaniel entered into
a contract with the said J. Caleb Smith and George T. Marye,
whereby said Smith and Marye agreed to advance, and did
advance to McDaniel, at a monthly interest of two per cent,
the sum of five thousand dollars; that for the purpose of
securing the payment of the said sum and interest, McDaniel
conveyed to Smith and Marye, by deed absolute, the prop-
erty mentioned; that there was then due and owing, on the
sum so advanced, the amount of eight thousand eight hun-
dred and fifty-three dollars, which said McDaniel was ready
and willing to pay upon the proper reconveyance being made
to him of the property; that Marye had sold and transferred
all his interest in the property to H. Clay Smith, who was
ready to make a reconveyance to McDaniel upon the receipt
of his portion of said money; that the only obstacle in the
way of a full and final settlement of the matter was the
inability of the petitioner to execute the necessary deed as
the executor of said J. Caleb Smith, deceased, without the
order of the Court; and praying to be allowed, upon receiv-
ing the portion of the money due the estate, to make, exe-
cute, and deliver the necessary conveyance of the property
to McDaniel. In response to this petition, proceedings,
analogous to those usual upon a petition for the sale of real
estate, took place in the Probate Court; and on May 10th,
1855, an order and decree was entered, directing the execu-
tor, by deed of release and quitclaim, to reconvey the
property to McDaniel upon the payment of the amount
found due the estate; and a deed in accordance with that

order was soon after made, executed, and delivered by the said executor.

Upon the trial of the cause from which this appeal is prosecuted, after the plaintiffs had introduced their proofs, the defendants offered the record of the Probate Court of the City and County of San Francisco, in the above mentioned matter, for the purpose of showing a reconveyance to McDaniel, under whom they claimed, of the interest previously conveyed by him to J. Caleb Smith, deceased. The plaintiffs objected to the admission of the record and evidence, upon the grounds that the same were irrelevant and incompetent to show any transfer of title, for the reason that the Probate Court had no jurisdiction to receive the petition of Austin E. Smith, or to act upon the same or the subject matter thereof, or adjudicate the same, or to enter the order and decree prayed for and entered, and that no authority was shown in Austin E. Smith to execute the deed so as to make it operative as a conveyance of the legal title to McDaniel. The objections were overruled and the record admitted in evidence, to which rulings plaintiffs excepted.

There was a judgment for defendants; and a motion for a new trial having been denied, the plaintiffs appealed.

*M. A. Wheaton* and *James L. English*, for Appellants.

The petition of Austin E. Smith was a bill in equity, and the order entered thereon was a regular decree in equity, which bill and decree could only have been entertained in the District Courts of the State. As the State Constitution then read, the District Courts had "original jurisdiction in law and equity in all civil cases where the amount in dispute exceeds two hundred dollars, exclusive of interest." (Const., Art. VI, Sec. 6.) Austin E. Smith did not believe, and no one will now contend, that he had any power as executor to convey such legal title to McDaniel, unless he could obtain such power from some Court. Under the

statutes the only power which the Probate Court had to order a transfer of legal title was in cases of probate sales, and the instances in which decedents were bound by contracts in writing to convey real estate. (Probate Act, Secs. 205, 206.) If it should be claimed that Austin E. Smith and the Court were intending to proceed under the sections of the Probate Act last quoted, then we say the petition was entirely insufficient to confer jurisdiction, because it was presented by the executor, and not " by any person claiming to be entitled to such conveyance;" nor did it set forth any facts upon which such claim could be predicated, to wit: that J. Caleb Smith was bound by any contract in writing to make such conveyance, nor, indeed, did it even state that McDaniel, or any one else, claimed such conveyance. The petition not being presented by one having a right to present it, and not stating enough to confer jurisdiction upon the Probate Court, its entire proceedings in the matter were a nullity. (*Gregory* v. *McPherson*, 13 Cal. 576; *Hayes* v. *Meeks*, 20 Cal. 314; *Townsend* v. *Gordon*, 19 Cal. 207; *Gregory* v. *Taber*, 19 Cal. 409; 4 Kent's Com. 303; 1 Story's Eq. Jur. 29; *Belloc* v. *Rogers*, 9 Cal. 128; *Willis* v. *Farley*, 24 Cal. 499; *Fallon* v. *Butler*, 21 Cal. 32.) The question is important, because our deed was good against all the world, except parties holding under Vaca's second deed; and any interest in the land which they do not hold under that conveyance we are entitled to recover, because we have the legal title to it, and the defendants have no title whatever to it. It is only subsequent bona fide purchasers, for a valuable consideration of the same interest, conveyed by the first deed, which are protected. (Recording Act, Secs. 26, 41; *Hunter* v. *Watson*, 12 Cal. 373.)

*Williams & Thornton*, *William S. Wells*, and *T. M. Swan*, for Respondents.

By the Court, RHODES, C. J.:

The Court erred in admitting in evidence the record of the Probate Court in the estate of J. Caleb Smith, deceased. Judgment reversed, and cause remanded for a new trial.

Neither Mr. Justice CROCKETT nor Mr. Justice TEMPLE participated in the foregoing decision.