[No. 935.     September 13, 1904.]

TELESFORE E. CARON et al., Appellants, v. THE OLD RELIABLE GOLD MINING COMPANY, Appellee.

, SYLLABUS.

In this Territory, probate courts are without jurisdiction to determine contested claims of title to property as between an estate and a stranger.

Appeal from the district court of Santa Fe county, before JOHN R. MCFIE, Associate Justice.    Affirmed.

A. B. RENEHAN and ALBERT L. TEELE for appellants.

The probate courts of New Mexico have no original chancery jurisdiction.    What is jurisdiction?

Rapalje and Lawrences Dictionary; Bouvier's Dictionary; Websters Dictionary; 12 American Ency. of Law, p. 244; U. S. v. Arredonds, 6 Pet. 709; Brown on Jurisdiction, p. 1.

Jurisdiction as it affects the subject-matter:

Brown on Jurisdiction, pp. 4, 22 and 50.

Section 1868 of the Organic Act provides: "The Supreme Courts and district courts respectively, of every Territory, shall possess chancery as well as common-law jurisdiction."

The Organic Act also provides: "The jurisdiction of the probate courts shall be as limited by law."

Perea v. Barela, 5 New Mexico 470; Clayton v. The People of Utah Ty., 132 U. S. 632; State Capital Printing Co. v. Co. Com. of Grant Co., Okla. Ty., 56 Pac. 957; Martin v. Territory of Okla., 56 Pac. 712:

The fundamental basis of equitable jurisdiction is a want of a full and adequate remedy at law.

1 Pomeroy on Equity Jurisprudence, p. 113.

The probate courts of New Mexico have no common-law jurisdiction or any kind of jurisdiction whatever to try and determine the question of title to property in the hands of an administrator, or belonging to an estate, when the title or ownership of such property is claimed by a third party.

Ferris v. Higley, 20 Wall. 375; Perea v. Barela, 5 N. M. 470; Brown on Jurisdiction, p. 336; Wells on Jurisdiction of Courts, p. 293; Moss v. Sandefur, 15 Ark. 381; Mabley v. Andrews, 55 Ark. 222; Clark v. Shelton, 16 Ark. 474-482; Marston v. Paulding, 10 Paige (N. Y.) 40; Theller v. Such, 57 Cal. 447; Shumevay v. Cooper, 16 Barb. (N. Y.) 556; Homer's Appeal, 55 Conn. 113; Edwards v. Mounts, 61 Tex. 398; Wise v. O'Malley 60 Tex. 588; Merricks Est., 8 Watts and Serg. 420; Wadsworth v. Chick, 55 Tex. 241; In re Estate Burton, 63 Cal. 36; Estate of James, 23 Cal. 417; Estate of Orr, 29 Cal. 101; Estate of Delaney, 37 Cal. 176; In re Haas Estate, 31 Pac. 893; Ex parte Casey, 71 Cal. 269; Chamberlains Appeal, 70 Conn. 377; Mallorys Appeal, 62 Conn. 223.

Courts of probate can neither try title to property, nor determine questions of estoppel.

Gold's Case, Kirbys Report 100; Hewitt's Appeal, 53 Conn. 24-38; Parsons v. Lyman, 32 Conn. 570; Homer's Appeal, 35 Conn. 113; First Nat. Bk. v. Balcom, 357; Knowlton v. Johnson, 46, Mo. 480-489; 47 Mo. App. 241; Ed-

ward Proctor v. Atkyns, 1 Mass. 320; Pond et al. v. Pond et al., 13 Mass. 417; Farnham v. Thompson, 14 Minn. 336; Mossean v. Mossean, 40 Minn. 239; State v. Probate Court, 33 Minn. 94; Comstock v. Matthews, 55 Minn. 111; Johnson v. Jones, 47 Mo. App. 241; Conley v. Truitt, 63 Mo. App. 357; In re Estate of Stuart, 67 Mo. App. 64-65; Woerners Probate Law, sec. 151; Hoehn v. Struttman, 71 Mo. App. 404; Hill v. Hardy & Williams, 34 Miss, 289; Gage v. Gage, 29 N. H. 546; Ela v. McConihe, 35 N. H. 279; Wood v. Stone, 39 N. H. 574; In re Walker's Will, 136 N. Y. Court of App. 29; Wadsworth v. Chick, 55 Tex. 242; Timmins v. Bonner & Long, 58 Tex. 561; Wise v. O'Malley, 60 Tex. 588, and cases there cited; Andrews v. Wheaton, 23 Conn. 116; Cottrell v. Thompson, 15 N. J. L. 345; State v. Bonney, 34 Maine 225; Dick v. Hatch, 10 Iowa 384; Richardson v. Hunter, 23 La Ann. 257; Cerro Gordo Co. v. Wright, 59 Iowa 485; Town v. Caldwell, 39 Am. Dec. 750-754.

The proceedings of the probate court were absolutely void.

Wells on Jurisdiction of Courts, p. 11; Eliott v. Pearsall 1 Pet. 340; Brown on Jurisdiction p. 7; In re Christensen's Estate, 53 Pac. 1007. See also Gilpin v. Page, 18 Wall. 351.

A void judgment is no judgment and no rights of property are gained under it.

Freeman on Judgments, sec. 117; Cambell v. McCahan, 41 Ill. 45; Roberts v. Stowens, 7 Bush. 295; Huls v. Buntin, 47 Ill. 397; Dane's Abb. Chance 146 Ark. 5; Sherrill v. Goodrum, 3 Humph. 430; Andrews v. State, 2 Sneed 550; Hollingsworth v. Bagley, 35 Tex. 345; Morton v. Root, 2 Dillon C. C. 312; Com. Bank v. Mar-

tin, 9 S. & M. 613; Doe v. McDonald, 27 Miss. 610; Hargis v. Morse, 7 Kas. 417; Kramer v. Holsten, 55 Miss. 243.

Hence no appeal was necessary and the failure to appeal could not prejudice the plaintiffs.

> Sheldon v. Newton, 3 Ohio St. 494; Whitewell v. Barbier, 7 Cal. 54; 12 Ency. of Law (Old series), p. 311; Hard v. Shipman, 6 Barb. (N. Y.) 621; Bolton v. Jacks, 6 Robt. (N. Y.) 183; Bloom v. Burdick 1 Hill (N. Y.) 130; Freeman on Judgments, sec. 117; Paul v. Wills, 69 Tex. 261; 12 Ency. of Law, p. 138; Hanson v. Wolcott, 19 Kas. 207.

The Act of the Legislature of New Mexico, approved March 11, 1903, is void because it goes beyond the limitation prescribed by the Organic Act. Ferris v. Higley, 20 Wall. 375:

Only points raised by the demurrer can be considered in this appeal.

> Walker v. Sanvinet, 92 U. S. 90; Lake Co. v. Sutliff, 97 Fed. 270; Van Gunden v. Virg. Coal Co., 52 Fed. 838; 2 Cyc. L. and P., 661, note 36 (Ed. 1896), and p. 672; Williams v. Thomas, 3 N. M. 324; Crabtree v. Segrist, 3 N. M. 278.

Liberal constructions are given to complaints demurred to for want of facts sufficient to constitute a cause of action.

> 6 Cyc. Pl. & Pr. (Ed. 1896), p. 346, and note 4; Richards v. Edick, 17 Barb. (N. Y.) 260; Pierson v. McCurdy, 61 How. (N. Y. Sup. Ct.) 134; Olery v. Brown, 51 How. Pr. 92; Graham v. Camman, 13 How. Pr. 360; Ball v. Fulton Co., 31 Ark. 379; Darby v. Cabanne, 1 Mo. App. 126; State v. Carroll, 63 Mo. 156; Rathburn v. Burl. Ry., 16 Neb., 441; Mills v. Rice, 3 Neb. 76.

E. A. FISKE and ROBERT C. CHAPMAN for appellees.

All leases are personal estate and go to the executor or administrator.

> Smith v. Dodds, 35 Ind. 432; Faler v. Mc-
> Rae, 56 Miss. 227; Keating v. Condon, 68 Pa.
> St. 75; Wileys Appeal, 8 W. & S. (Pa.) 244;
> McCormick v. Stephany, 41 Atl. 840-842; Wor-
> ner Admr., p. 593, sec. 277, n. 9, and authorities
> there cited; 1 Woerner Admr., p. 231, sec. 110,
> n. 1, and authorities there cited; 7 Am. & Eng.
> Ency. of Law, p. 260-1, note 1, etc.

The complaint demurred to shows that the action taken by the probate court complained of in this case, was concerning personal property held by the decedent in trust, and not affected by the special limitation provided in section 2062, Compiled Laws New Mexico, which applies only to claims against the estate. Defendants below claimed only their own estate, held in trust by the administrator of the decedent.

> Roach v. Caraffa, 25 Pac. 22-24; Cal. Code,
> sec. 1493, p. 1123, and sec. 1500, p. 1126; Tyler
> v. Mayer, 30 Pac. 196, and 27 Pac. 160; Fallon
> v. Butler, 21 Cal. 24 (18 Am. Dec. 140); Ver-
> dier v. Roach, 31 Pac. 556; Estate of McCaus-
> land, 52 Cal. 568, 577.

The executor or administrator of a decedent can stand in no better position than his decedent did, as to such estate.

> 7 Am. & Eng. Ency. of Law, p. 418, 419,
> and note; 7 Am. & Eng. Ency. of Law, p. 247,
> note 1; United States v. Cutts, 25 Fed. Cases
> 745; Thompson v. Waite, 45 Maine 445; Green
> v. Collins, 6 Ire (N. C.) L. 139; Johnson v.
> Overman, 2 Jones (N. C.) Ch. 182; Trecothic
> v. Austin, 4 Mason, U. S. C. C. 16; Shakspear v.
> Fidelity Co., 97 Pa. St. 173; Johnson v. Ames,
> 29 Mass. 173, 180; Andrews v. Bank of Cape

Ann, 85 Mass. 313, 314; Schouler Ex. and Admr., secs. 205, 244, 245; Cooper v. White, 16 Ga. 554; Taylor v. Benham, Ex., 5 How. 233, 276; Attorney Gen. v. Brigham, 142 Mass. 251; In re Shaw Estate, 16 Atl. 666; Boon Admx. v. Bank, 84 N. Y. 83, 87:

Section 2015, Compiled Laws New Mexico, gives the decree of the Probate Court, when attacked collaterally, the force and effect of decrees of courts of general jurisdiction.

Sec. 2015, Comp. Laws N. M. 1897; Simmons v. Saul, 138 U. S. 439, 453, 459; 19 Am. & Eng. Ency. of Law., pp. 206, 207, note 2.

And it is therefore unnecessary for the probate court in this case to show the record of any jurisdictional facts.

Freeman on Judgments, sec. 124, and authorities there cited.

Settlemier v. Sullivan, 97 U. S. 444; Black on Judgments, sec. 218, and authorities there cited.

The appellants in this case should have appealed from the judgment of the probate if they were aggrieved by it.

Compiled Laws of New Mexico 1897, secs. 928 & 2014; Session Laws 1899, p. 177; Hamlet v. Abell, 113 U. S. 449.

Proceedings in probate courts should not be attacked collaterally.

Bachelder v. Fiske, 17 Mass. 464; Emerson v. Thompson, 16 Mass. 429; Trecothic v. Austin, 24 Fed. Cases 168.

This is a suit in which plaintiffs as alleged heirs of Leon Caron, and beneficiaries of his estate, are asking a court of equity to turn over to them alone, an alleged asset of that estate, without accounting or payment of estate debts, while the estate as such is still pending in the probate court, undisposed of.

Sec. 928, Compiled Laws, as amended by Session Laws N. M. 1899, p. 177.

All leases though for a term of a thousand years, are personal estate, and go to the executor or administrator, and not to the heir.

Probate courts in the exercise of incidental powers, may try titles, contrue contracts, partition lands, and do many other acts involving the exercise of chancery powers, which they cannot do except incidentally to settle some estate of some deceased person before it for settlement.

Board of Public Works v. Columbia College, 17 Wall. 521; Robinson v. Fair, 128 U. S. 53, 85, 86; McWillie v. Van Vactor 35 Miss. 445; Woener Administrator, sec. 142, p. 323, and sec. 155, pp. 351-2, and authorities there cited; Webster v. Seattle Trust Co., 33 Prac. 970, and 35 Pac. 1082, 1085.

If a court has jurisdiction it is altogether immaterial how grossly irregular or manifestly erroneous its proceedings may have been; its final order cannot be regarded as a nullity and cannot therefore be collaterally impeached.

C. L. N. M. 1897, secs. 928, 2014; Simon v. Saul, 138 U. S. 439, 453, 459; 19 Am. & Eng. Ency. Law, p. 206-7; See, also, as bearing upon this case: In re Burdicks Estate, 40 Pac. 35; In re Cleary's Estate, 44 Pac. 569; A. T. & S. F. R. Co. v. Martin, 7 N. M. 158.

## STATEMENT OF THE CASE.

The material facts in this case are that on or about the sixth day of July, 1892, the New Mexico Mining Company leased to Leon Caron and others, by six specific leases, certain mining claims known as Alpine, Pat Cullen and Maverick, and also known by other names, which said leases were to run for a period of ninety-nine

years, and provided for the payment of certain rents
and certain obligations with reference to the amount of
work to be done, etc., Leon Caron died intestate on the
fifteenth day of September, 1892. All of the plaintiffs and
four of the defendants, named Demarais, are heirs of
Leon Caron. The defendant Alfred N. Randall applied
for letters of administration of the estate of Leon Caron,
which letters were granted, and the said Randall was
duly qualified as such administrator. At the time of
the institution of this suit said Randall had not ren-
dered his final report as administrator. The title to
the property described in the leases was in the New
Mexico Mining Company at the time said leases were
made. On or about the second day of April, 1895, one
Patrick Cullen filed his petition in the probate court of
Santa Fe county, New Mexico, the object and purpose
of which was to have said probate court decree that the
interest of the said Leon Caron, deceased, in and to said
leases belonged to said petitioner. Said petitioner, Cul-
len, alleged in his petition "that on or about the twenty-
second day of September, 1889, he deeded to said Leon
Caron and Alfred N. Randall the property described in
said leases, to-wit, the Alpine, Pat Cullen and Maverick
mines." Plaintiff further says: "Complainant would
further show that said transfer was made for the pur-
pose of authorizing said Caron and Randall to act as
his agents in the sale of said property and as his attor-
neys in fact in the management and control thereof, and
for the further purpose of securing from the Ortiz min-
ing grant a lease or quitclaim to said property. Com-
plainant would further show that there was no other
consideration whatever for the execution of said deed—
that since the execution thereof the said Leon Caron de-
parted this life, without having as the agent, sold or
disposed of the property—as the records now stand the
deed is an encumbrance upon said property." The peti-
tioner further alleged that the leases procured by Caron

and others hereinbefore mentioned were procured in pursuance of said deed of conveyance and for the uses and benefit of the petitioner. On the day that said petition was presented to the probate court of Santa Fe county, without the issuance of any process, without the appearance of any one for the plaintiffs in this case, save and except the administrator, the said probate court proceeded to hear and determine the said cause upon the petition, no other pleading being filed, and thereupon entered judgment in favor of complainant against Alfred N. Randall, administrator of the estate of Leon Caron, deceased, which judgment or decree was in effect, "that whereas, the said Patrick Cullen, complainant, comes into court and presents his petition praying that Alfred N. Randall, administrator of Leon Caron, deceased, convey to said complainant a quitclaim deed of all the interest which said Leon Caron, deceased, had in and to the following mining claims (here describing the property in controversy) and it appearing to the court that the interest now in the name of Leon Caron, deceased, was obtained by him as agent for Patrick Cullen to be sold, and the proceeds to go to Patrick Cullen, as it appears by written and verbal testimony offered and by the written contracts executed on the fifteenth day of December, 1889: It is therefore ordered that the said administrator, Alfred N. Randall, execute to Patrick Cullen a quitclaim deed for the interest in the mining claims and leases which stand in the name of Leon Caron, deceased. . . . ." From this judgment or decree of the probate court no appeal was taken and more than ninety days elapsed before the filing of the complaint in this cause.

On the day following the rendition of the judgment or decree of the said probate court, the said Randall, administrator of said Caron, deceased, in pursuance of said decree, executed and delivered to Patrick Cullen, a quitclaim deed of the premises described in the said

leases. On the eighth day of April, 1895, Patrick Cullen died and said Alfred N. Randall was appointed administrator of his estate. Subsequently the said probate court decreed that Mathew Cullen was the sole heir of the said Patrick Cullen, deceased, and that all the rights which the said Patrick Cullen had, if any, in the property inured to him. On the seventh day of March, 1898, Matthew Cullen conveyed the property described in the said leases to Joseph B. Mayo, Wilson S. Chapman and The Old Reliable Gold Mining Company.

On the twenty-seventh of September, 1900, the petition of Telesfore E. Caron, and others, was filed in the district court of Santa Fe county, New Mexico, setting forth all the facts hereinbefore stated. This petition concluded with the prayer that all of the proceedings had in the probate court of Santa Fe county as hereinbefore mentioned be set aside and declared to be null and void, and that the conveyance made by said Randall, as administrator of the estate of Leon Caron in pursuance of the decree of the said probate court be declared to be null and void, and that the plaintiffs in this case, as well as the four named defendants, Lucille, Philo P., Estelle and Ethel M. Demarais be adjudged and decreed to be the sole owners and beneficiaries of whatever interest in the property rights and privileges the said Caron, deceased, was vested, under and by virtue of the six leases hereinbefore specified, and that all assignments and conveyances made by the said Randall, administrator of the estate of said Patrick Cullen, and Mathew Cullen to Joseph B. Mayo, William Chapman and The Old Reliable Gold Mining Company, defendants, be set aside and declared for naught.

To this complaint the defendants filed a demurrer, alleging that it appears upon the face of said complaint that said complaint does not state facts sufficient to constitute a cause of action, in that the said complaint shows that the title in and to the subject-matter of said

action claimed by plaintiffs in said complaint is not and never was in plaintiffs and said minor defendants or any of them at any time; "That said complaint shows that the title sued on in this cause was properly and lawfully disposed of by the probate court of the county of Santa Fe, New Mexico, before the commencement of this suit;" that the title to the property in controversy was lawfully vested in the Old Reliable Gold Mining Company and that the plaintiffs and four defendants named had no title therein; that the said complaint shows that no appeal had been taken from the probate court from the decree or judgment thereof; second, that the court had no jurisdiction over the subject-matter of said action in that said complaint shows that the exclusive jurisdiction over the subject-matter of this suit is in the probate court of Santa Fe county, New Mexico; and prayed that the said action be dismissed.

The court sustained the demurrer and the plaintiffs refused to plead further; judgment of dismissal was thereupon entered and an appeal prayed and allowed.

OPINION OF THE COURT.

BAKER, J. (after stating the facts).—Had the probate court jurisdiction to determine the title to the property in dispute in the suit of Patrick Cullen against Alfred N. Randall, administrator of the estate of Leon Caron, deceased, commenced in the probate court of Santa Fe county? This is the only question in the case.

The probate court was created by the organic act, section 10 of which provides, "that the judicial power of the Territories shall be vested in the Supreme Court, district court, probate courts and in justices of the peace." Said act further provides that "the jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts and justices of the peace, shall be as limited by law." It fur-

ther fixes the limitations of the jurisdiction of justices of the peace, and further provides that "the said Supreme Court and district courts respectively shall possess chancery as well as commonlaw jurisdiction." This act is the creation of our judiciary. The jurisdiction of the several courts can not be enlarged by the Legislature. Ferris v. Higley, 20 Wall. 375; Robinson v. Fair; 128 U. S. 53; Clayton v. Utah Territory, 132 U. S. 641; Arellano v. Chacon, 1 N. M. 269. The organic act expressly conferring upon the Supreme Court and district courts chancery as well as common-law jurisdiction, and not expressly conferring such jurisdiction upon the probate courts, it is equivalent to expressly denying probate courts such jurisdiction. Clayton v. Utah Territory, supra.

The organic act simply creating probate courts and not defining their powers and jurisdiction, we must look elsewhere to find the powers and jurisdiction of such courts. Probate courts in this Territory have such power and jurisdiction as was given to them by the common law of England, as endorsed or modified by the courts of the United States, except as limited or enlarged by statute. Webster v. Seattle Trust Co., 35 Pac. 1082; Perea v. Barela, 5 N. M. 470; Ferris v. Higley, 20 Wall. 375; Brown on Jurisdiction, p. 336; Wells on Jurisdiction of Courts, p. 293; 1 N. M. 269, supra; 128 U. S. 53, supra; 132 U. S. 641, supra. The case in the probate court of Santa Fe county was clearly a contest of title to property between a stranger and the estate. There was no other element of interest involved. Had the probate court jurisdiction to try and determine that issue? In Anderson v. Fisk, 41 Cal. 308, the court held that the judgment of the probate court that required the executor to deed to one McDaniel real estate, which it was claimed was real estate that had been conveyed to the deceased by McDaniel as security for the payment of an indebtedness due the deceased, after the said

money had been paid to the executor, was a void judgment. "While probate courts have jurisdiction to determine claims to property between those interested in the estate, as it is only determining their relative interests as derived from the estate, *yet they have no jurisdiction to determine claims to specific property adversely to the estate.*" Stuart v. Lohr, 22 Am. St. 150; 1 Wash. 341. "It (probate court) has no power to determine disputes between heirs or devisees and strangers as to title to property." Buckley v. Superior Court, 102 Cal. 6, specifically reaffirming Smith v. Westerfield, 88 Cal. 388; In re Hass, 97 Cal. 232. In Marston v. Paulding, 10 Paige Chan. 40, the court said: "It is not necessary to examine the question whether the property in controversy in this case was or was not rightfully retained by the respondents as a part of the estate belonging to the decedent. For if it belonged to the appellant his proper remedy was in a different form. For the surrogate has no jurisdiction, upon a summary application to him, to compel the administrators to deliver over property to the owner thereof, which property has been taken possession of by them as a part of the estate to be administered by them; although their claim to such property is wholly unfounded, or is merely colorable." In the matter of the probate of the will of Robert J. Walker, deceased, 136 N. Y. (App.) 20, the court says: "Questions of title to property have always been reserved for the common-law courts or statutory tribunals invested to some extent with their powers, where the right to trial by jury is guaranteed, except in cases of equitable cognizance." This was a case where the surrogate sought to settle the ownership of personal property. The court further says: "We can not recall any statutory provisions which authorize the surrogate in any proceedings to pass upon the question of title to property as between a claimant and a representative of the testator's estate. Jurisdiction in all such cases seems to have been scrupulously and intentionally with-

held. If the executor has reasons to believe that any assets belonging to the estate are detained by any person in whose possession they may be, he may make application to the surrogate for an order requiring such person to show cause why he should not deliver the property to the executor; but, if, upon the return of the order, the title or right of possession of the executor to the property is disputed, the surrogate must dismiss the proceeding, and the executor is remitted to his legal remedies in some other forum." The court further said: "The objections to this decree are jurisdictional. Consent of the parties is not sufficient to avoid their fatal effects." Without further quotations from cases we cite in support of the proposition *that probate courts · are without jurisdiction to hear and determine contested claims of title to property, between an estate and a stranger,* the following authorities: Moss v. Sandefur, 15 Ark. 381; Chamberlain's Appeal, 70 Conn. 377 (a very careful and well reasoned case) Mallory's Appeal, 62 Conn. 223; Cones Appeal, 68 Conn. 90; Farnham v. Thompson, 14 Minn. 336; Mossean v. Mossean, 40 Minn. 239; State v. Probate Court, 33 Minn. 94; Comstock v. Matthews, 55 Minn. 111; Johnson v. Jones, 47 Mo. App. 241; Cauley v. Truitt, 63 Mo. App. 357; Re Estate of Stewart, 67 Mo. App. 357; Weener's Probate Law, sec. 151; Hoen v. Struttman, 71 Mo. App. 404; Hill v. Hardy 34 Miss. 289; Wood v. Chick, 55 Tex. 242; Wise v. O'Malley, 60 Tex. 588; Edwards v. Mounts, 61 Tex. 398; 11 Cyc. Law and Proc., sec. 3, p. 796 and notes; Homer's Appeal, 35 Conn. 113; Harris v. McKee, 4 Metcalf (La.) 4, Mart. 485; Donaldson v. Dorsey, 4 Mart. 509; Overton v. Overton, 10 La. 466; Gibson v. Cook, 62 Md. 256; Re Estate of Burton, 63 Cal. 36; Re Hass Estate, 31 Pac. 893; Theller v. Such, 47 Cal. 447; Ex parte Casy, 71 Cal. 269; 102 Cal. 64 Am. St. 435 and notes; Proctor v. Athyns, 1 Mass. 320; Pond v. Pond, 13 Mass. 413; Robinson v. Fair, 128 U. S. 53. It is contended by appel-

lees in their brief that the foregoing citations from the court of the State of California have been overruled in the cases of Burdick's Estate, 40 Pac. 35 (Cal.), and In re Clary's Est. 44 Pac. (Cal.) 569. We cannot read and understand the two last cases mentioned as do counsel for appellees. Indeed those two cases support the proposition laid down in the citations from the Supreme Court of that State. The learned counsel for appellees claim that the case of Attorney General v. Brigham, 142 Mass. 271, overrules the cases of Proctor v. Athyns, and Pond v. Pond, supra. We have read these cases, and are of the opinion that there is no conflict in these decisions. ·

The foregoing cases are clear, comprehensive and decisive of the question that probate courts have no jurisdiction to settle questions of title to property between estates and third parties. The number of cases squarely supporting this proposition is limited only by the number of cases deciding the question. We have carefully gone over the cases cited by appellees in their briefs and find none that support the proposition that a probate court has jurisdiction to adjudicate title to property, real, personal or mixed, between the estate and a stranger to the estate; nor have we found a case elsewhere that so holds. The trouble with appellees argument and citations is that they do not start at the beginning: They start with the assumed fact that Leon Caron was the trustee of Patrick Cullen, holding the leases in trust for him. Why go into the probate court to have that fact decreed? Was not that fact the only reason for going into the probate court? Why did appellees not bring suit in ejectment, if the administrator was in possession of the land? To assume that Caron was the trustee of Cullen is to assume the decree of the probate court regular, legal and binding. If this were true, the property in controversy belongs to the appellees. If this assumption of the legal effect of the judgment of the probate

court is erroneous—and we think it is—then how are appellees to ascertain whether or not Caron was a trustee for Cullen? This is the sole issue in this case. Nearly all of appellee's argument and citation of authorities is to establish the proposition of law that administrators stand in the same position as their decedents as to trust property—a proposition conceded by all who have the least conception of the law. The leases conveyed to Caron an interest in the property described in the leases, without reservation or restriction. There is nothing in the leases or in the deed from Cullen to Caron and Randall that even squints at a trust relation existing between Caron and Cullen. Who knows that there was any such trust? It is pertinent for us to inquire again: How are appellees to ascertain whether or not Caron held the leases in trust for Cullen? There can be but one answer—by a judgment of a court of competent jurisdiction. The contest of title to personal property and possession is a law action—a simple suit in replevin, a trial by jury being guaranteed the parties, and it must be so tried unless trial by jury be waived by both. And yet it is urged that because one of the contending parties is dead, this procedure must stand for naught, and a quasi-equitable proceeding, substituted in a court without general jurisdiction, where only a legal representative appears for the defendant with no interest in the result of the suit, and before a court that is not required to know any law and that does not know any more that the law requires; and this is claimed to be *res judicata* Such a contention is an absurdity. The probate courts have no jurisdiction in such cases. Nor can the parties by consent confer it. In re Walker's Estate, 136, N. Y. 20. Nor can Legislatures confer such jurisdiction upon probate courts. 20 Wall., 128 U. S., 132 U. S., supra. It is argued that the probate courts can, when a necessary incident to the administration of an estate, adjudicate title to personal property. Was the trial of title to prop-

erty between Cullen and the estate a necessary incident? Incident to what? Incident to nothing. It was the whole issue, the only issue and the only thing before the court. The administrator could and should have held the leases as a part of the estate, and they are a part of the estate until a court of competent jurisdiction says otherwise. If the probate court had jurisdiction in that case, it follows that it has jurisdiction to hear and determine the title to any kind of personal property between Cullen, a stranger to the estate, and the estate. If, instead of leases, the administrator had found in his possession, sheep, cattle and money, Cullen could have appeared in the probate court by petition, affidavit in replevin or any other procedure, and had his title to such property adjudicated by the court, and his title to the same established, without giving the estate the right of a trial by jury and without giving the heirs or other persons interested in the estate notice of the proceedings, except notice to the administrator, whose interest in the estate as a rule is what he can get out of it. There is no provision of law in this Territory for giving notice to interested parties of the proceedings of such an action; there is no way by which the interested parties can know of such a decree, and no means or requirement that they shall be notified of such proceeding and decree. Yet the interested parties may be minors or may reside in a foreign country. Still appellees would hide behind the neglect of the heirs and others interested in not taking an appeal from such a decree within ninety days after its rendition. This case is a fair illustration of what might or could be done by human vultures, administrators and probate courts ignorant of the law. The proceedings of this case furnish the reason why the Legislatures of the various States and the courts by an unbroken line of authorities have refused to grant to probate courts the jurisdiction contended for by appellees in this case. The decree of the probate court of Santa Fe county, is a nul-

lity, in conflict with the letter of the law, in conflict with the spirit of the law, in conflict with the intention of the Legislature, and in conflict with the opinion of the great men and jurists who have graced the bench through the United States. To give the probate courts the jurisdiction contended for by appellees, would be to give them general jurisdiction; and not only that, but would clothe such courts with far greater powers than are conferred upon the district courts of this Territory. This proposition is in conflict with the organic act and the unbroken line of authorities of both State and Federal courts. By the written and unwritten law the greatest protection has been thrown around the estates of the dead. The law has sought to protect the widow and the orphans, as well as others interested in estates, from such invasions as is manifest in this case. Probate courts, administrators and executors have been thus curtailed of power, authority and jurisdiction, so that the real parties in interest may be protected against the ravishers of estates, so prevalent where not safeguarded by the strong arm of the law. To sustain the decree of the probate court of Santa Fe county would be to confer upon such courts the power, not only to hear and determine questions of title to personal property in cases brought by strangers to the estate, but title to personal property between the administrator and strangers to the estate brought into court upon the petition of the administrator; or, in other words, it would make no difference how the case got into court—the court would have jurisdiction of the parties and the subject-matter, and its decree would be unimpeachable except by appeal taken within ninety days from the date of their rendition, of which decrees interested parties, in the nature of things, could not and would not know until everlastingly too late.

For the reasons given, the action of the trial court in sustaining the demurrer of appellees to the complaint

in this case on each and every ground therein stated, was erroneous, but as the decree of the probate court was a nullity its decree was not a cloud upon the title; for this reason the court committed no error in dismissing the bill. Therefore the action of the lower court is affirmed, and it is so ordered.

Mills, C. J., and Parker, A. J., concur.

McFie, A. J., having heard this case in the court below, took no part in this decision and Mann, A. J., not having heard the argument, did not participate. Nor did Pope, A. J., having been of counsel in the case, take any part in this decision.