Matthews J.
delivered the opinion of the court. This is a case in which the appellant made application to the court of probates, to be appointed curator of the absent heirs of Jajnes » * - . Johnson, late of New-Orleans, deceased, who U *507 seems made a will, by which he instituted his natural children, now residing in Scotland, his universal heirs, leaving some inconsiderable legacies to his brothers, and appointed the appel-lee one of his testamentary executors, who has since taken on himself the execution of the will.
According to the provisions of our statute, natural children, if the father leaves legitimate brothers and sisters, can receive from him, either by donation inter vivos or causa mortis, only one half cf his estate-” Civ. Code, 210, art. 14. Every disposition, in favor of persons incapable of receiving, is declared null and void. Id. 212, art. 17,
Amongst the curators, which may be appointed, according to our law, it is clear that a curator, when necessary, may be appointed to persons, who are absent from the state, and have property within it, such as heirs to a succession. In cases of testaments, the testamentar)- executor, when some of the heirs of the testator are absent, and not represented in the state, is, nevertheless, authorised to take possession of the property of the succession, and to remain in possession of the portion belonging to the absent heirs, until they shall have sent their power of attorney, or until the expiration of the year. Id: 246, art. 169.
This article, it is thought, can only apply to *508 cases> where all the heirs (both those who are absent and the others) have been instituted by the testator in his will; as it is the dutv of the # J executor to carry into full effect the intentions of the testator.
The present case is singular, in its circumstances. The testament is null and void, so far as it purports to dispose of more than one half of the deceased’s estate. For, he institutes his natural children heirs, and shews, by legacies to his brothers, that he had relations, of that degree, in existence. The estate is not vacant, and cannot be administered as such ; because the executors are clearly entitled to the care and man, agement of it, and have an interest opposed to the rights of the legal heirs.
Curators of absent heirs, are persons appoint, ed by the judge to take care of, and administer on, the portion of an estate ab intestato, which falls to the share of such absentees, “ in caseg where some of the heirs only are absent and not represented ” Ib. 172, art. 121.
Considering the estste of the deceased to be ab intestato, for that portion of it, which is attempted to be disposed of by will, contrary to law, and to which collateral relations of the deceased, absent and not represented, are entitled, it is the duty of the judge of probates, to appoint" *509 a curator *' to take care of, and administer on their shares.’1
Morel for the plaintiff, Smith for the defendant.
But, before that can be ascertained, it is necessary that a partition should take place, (according to the provisions of the law, in such a case made and provided) to effect which, a defensor must be appointed to protect tjie rights of the absentees. Id. 174, art. 130.
Until a partition of an estate, it ought not to be placed in the possession of, and administered by persons, holding under different rights ; who, wh#n their claims are equally good to have the management of an undivided half, are so also for the management of the whole : and the estate cannot be administered by parts, till a division takes place. We are of opinion that no curator ought to be appointed.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.