Porter, J.
delivered the opinion of the court. By an order of this court, made last July term, a rule was granted that the judge of the district court for the first district, shew cause why a mandamus should not issue, directing him to sign certain bills of exceptions annexed to an affidavit made by the counsel of Heerman.
To this rule the judge has made a return, and assigned for cause; that he had refused to sign the bill of exceptions first mentioned in the affidavit of counsel, because it was offered to the decision of the judge on the submitting certain facts to the jury, and had not *196 been tendered until after the jury was sworn.
East’n District.
Jan. 1821.
And that he had refused to permit the reasons offered for a new trial to be filed, because he did not think the grounds set forth admitted of further argument; most of them having been previously argued, and that this refusal was in conformity with the rules of his court.
In the discussion at the bar, which this return has given rise to, a great deal has been said on points not necessary to be decided on. It may be true, that this court has the right on appeal, to disregard impertinent facts which may have been submitted to a jury. It may be also true, that where special facts are to be found, the law has provided no means of taking down the testimony. But the opinion, which the court has formed on this motion, results from views of these subjects quite distinct from these questions, and they are alluded to now, to prevent misconstruction, and to enable us to say that no opinion has been formed respecting them.
It is provided by an act of our legislature, 1 Martin's Digest, 594, that “ whenever on the trial of any suit in any of the inferior courts of *197 this state, the party or his counsel shall desire the opinion of the court, on any question of law arising in the course of such trial, it shall be the duty of the court to give such opinion, and either party, if dissatisfied with such opinion, may except thereto, and the said opinion and exception shall be entered on record, with so much of the testimony taken in the said suit as may be necessary to a full understanding of such opinion, and the same on appeal, shall be sent up with the other proceedings in the cause.”
The legislature by this provision seems to have anxiously guarded the right of each of the parties to have the opinion of the court on any question of law, which during the progress of the cause they may choose to ask it on, and to have secured by an imperative direction, the right to have that opinion, with the exception thereto placed on record. There is, consequently, nothing left us for to enquire, except to ascertain, whether the opinion asked of the court in this case was on a question of law. If it was, the act of the legislature must be obeyed.
According to the affidavit of the counsel—he demanded the decision of the court, whether certain facts, about to be submitted by *198 the plaintiff were pertinent, and he objected they were not. The decision of the court asked for and required by this objection, was most clearly a matter of law; and being so, it was the undoubted right of the party dissatisfied therewith, to have his bill of exceptions signed and spread on the record.
This so clearly results from the statute, that the plaintiff, who opposes this mandamus, endeavours to take it out of the rule which governs ordinary cases, by shewing that the defendant did not in truth except to these facts, being submitted to the jury—that he only said, he would except; that he did not draw out and tender his bill of exceptions, when the court decided on the pertinency of the issues submitted, and that it was too late to do so after the jury was sworn.
On this point the only evidence before the court, is contained in the affidavit of defendant’s counsel, which states, that previous to the jury being sworn, he declared he would except to the facts submitted on the part of the plaintiff, and that he would tender a bill of exceptions thereto in form.
The court understand the law to be, that it is sufficient, if the party who is dissatisfied *199 with the opinion of the court, states his exception at the time the opinion is given; and that he may draw up said exception, put it in form, and present it for the signature of the judge at any time during the trial, and this is conformable to the practice in other countries, where this mode of obtaining relief against the errors of inferior tribunals is adopted and in use.
The question here then is reduced to the simple enquiry, if the party saying he would except, and tender his bill of exceptions, is equivalent to actually excepting. We understand it to mean the same thing, and think the judge ought to have signed the bill that was tendered him.
On the other point, namely, the right to spread on the record the reasons which either party may think proper to allege, as the ground of a new trial, there is as little difficulty as that first directed. This court has already declared in the case of Sorrell vs. S. Julien, 4 Martin, 508, that the refusing to grant a new trial was a proper subject of revision here, and one over which this court ought to exercise a controul. Taking this for granted we cannot, of course, sanction a *200 proceeding which would enable the inferior court to withhold from us the means of carrying into effect the appellate jurisdiction of this tribunal. Let the mandamus therefore issue.
Carleton for the plaintiff Hennen for the defendant.