TOULMAN ET AL.
*vs.*
ELLIOTT ET AL.

TOULMAN ET AL., OWNERS OF BRIG HOKOMOK,

*vs.*

ELLIOTT ET AL., MASTERS AND OWNERS OF THE SHIPS ROWENA AND NEW-ORLEANS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action of damages against the masters and owners of two ships, for collision and injury of the plaintiff's vessel, when he had offered all his evidence, one of the defendants (who severed in their pleas,) moved and

obtained a judgment of non-suit; and the other was permitted to intro-
duce 'evidence proving his own innocence, and showing that the conduct
of the defendant, obtaining the non-suit, was the remote cause of the
collision and injury complained of.
It is within the discretion of the court to allow or cause a witness to be
called and sworn after the evidence of both parties has been closed, and
the arguments had progressed, if the court is of opinion, more light and
information is needed on the matter in contest.

A new trial is within the sound discretion of the court, to which the
application is made; and this court never interferes in such cases,
unless there is manifest error.

A non-suit, legally obtained, the party cannot be deprived of it in an action
of damages against the masters and owners of the ships New-Orleans
and Rowena.

The plaintiffs allege, they are the owners of the brig
Hokomok, and that on the 8th February, 1836, in the Missis-
sippi river, the defendants, in consequence of their negligent
and unskillful conduct, in the management of their respective
vessels, which were both adrift in the river, they brought them
in contact and collision of the brig, which was lying safely
moored at the levee port, and occasioned loss and damage in
her hull and rigging, amounting to six hundred dollars, for
which they are liable. The defendants severed in their
answers. Each pleaded a general denial.

The plaintiffs offered all their testimony and rested their
case. The counsel for one of the defendants moved for and
obtained a judgment of non-suit. The plaintiffs objected, and
excepted to the decision of the court in rendering it.

The other defendant proceeded with the trial, and offered
evidence to prove that the injury sustained was occasioned
by the fault of the ship New-Orleans, owned by the other
defendant, who had obtained the judgment of non-suit,
which was lying several tiers above the plaintiffs' vessel, and
put adrift the other one. This evidence was objected to by
the plaintiffs' counsel, on the ground that the remote cause
of the accident should have been specially pleaded. The
objections were overruled, and a bill of exception taken.

On the trial, after the testimony closed on both sides, and

the plaintiffs' counsel had commenced his closing argument, the judge called a man by the name of Pollock, who was ordered to be sworn, which was objected to by the plaintiff's counsel, on the ground that it was contrary to the Code of Practice. The court said it wished for light and information on the matter in contest, and a bill of exception was taken to the decision of the court.

There was judgment for the other defendant, and the plaintiff, after an unsuccessful effort to obtain a new trial, on newly discovered evidence, appealed from both judgments.

*Josephs,* for the plaintiffs and appellants.

1. The district judge, after both parties had produced their respective evidence, all incidental questions had been decided, and the defendant had concluded his argument upon the merits, and when the plaintiff was about to submit the cause, called an individual from among the bystanders, (Pollock,) who had not been introduced nor examined by either of the parties to the suit, and without the consent of the plaintiff, caused him to be sworn and examined, as a witness upon certain new points material to the defence of the same.

2. The judgment of non-suit was improvidently granted, it having been shown that the ship New-Orleans was floating down the river, fastened to the barque Rowena, and was in that situation at the time of the collision with plaintiffs' vessel.

3. That the remote cause of the getting adrift (by the fault of another,) or excuse admitted by the court, the same having occurred a considerable distance up the river, above the vessel of the plaintiff, and some time before the collision by which his said vessel was injured, should have been specially set forth in the answer, and that the district judge erred in suffering the defendant to surprise the plaintiff, by going into the investigation of the same under the general issue.

*Roselius* and *T. Slidell,* for the defendants.

*Martin, J.*, delivered the opinion of the court.

EASTERN DIST.
*April*, 1840.
TOULMAN ET AL.
*vs.*
ELLIOTT ET AL.

The plaintiffs claim damages from the defendants, as masters of two vessels, for a collision and injury to their vessel, occasioned by the negligent conduct of the defendants.

There was a judgment in favor of one of the defendants, and of non-suit in favor of the other. The plaintiffs appealed.

The defendants severed in their pleas ; and after the plaintiffs introduced all their evidence, the counsel of one of the defendants moved for a non-suit, which was granted.

The other defendant proceeded with his testimony, and it is contended and established, that the collision was occasioned by the fault or neglect of the defendant who had obtained the judgment of non-suit.

There are two bills of exception to be examined ; neither of which affect the defendant who had the judgment of non-suit, for they were posterior thereto.

The first is taken to the admission of testimony, to show that the collision resulted from the conduct of the latter defendant ; but was objected to on the ground, that if this was the case, his conduct was the remote cause of the collision, and should have been specially pleaded. The judge *a quo*, correctly concluded that the testimony was admissible, because it supported the allegation that there was no negligence or unskillfulness on the part of the defendant who offered it.

The second bill of exceptions is taken to the call of the judge to a bystander, to be interrogated as a witness, after the evidence of both parties was closed and the argument had progressed ; the judge being of opinion that he needed light and information on the matter to which he directed his interrogatories.

It is true the Code of Practice, article 484, says : " after all incidental questions are decided, and both parties produced their evidence, the argument commences, and no witness or proof can be introduced without the consent of all parties." The object of this is clearly to induce parties to present at once all their evidence, by depriving them of the means of

In an action of damages against the masters and owners of two ships, for collision, and injury of the plaintiffs' vessel, when he had offerd all his evidence, one of the defendants, (who severed in their pleas,) moved and obtained a judgment of non-suit; and the other was permitted to introduce evidence proving his own innocence, and showing that the conduct of the defendant, obtaining the non-suit was the remote cause of the collision and injury complained of.

EASTERN DIST.
*April*, 1840.

TOULMAN ET AL.
*vs.*
ELLIOTT ET AL.

It is within the discretion of the court to allow or cause a witness to be called and sworn after the evidence of both parties has been closed, and the arguments have progressed, if the court is of opinion more light and information is needed on the matter in contest.

A new trial is within the sound discretion of the court to which the application is made; and this court never interferes, in such cases unless there is manifest error.

A non-suit, legally obtained, the party cannot be deprived of it in an action of damages against the masters and owners of the ships New-Orleans and Rowena.

eking it out, by interrupting the argument for the introduction of the same, or other witnesses, or of documents.

In the case of Richardson *vs.* Debuys and Longer, 4 Martin, N. S., 127, we held that the judge *a quo*, correctly overruled the oppposition of the defendant to the admission of a witness offered by the plaintiff, after " the parties had closed their evidence," and the arguments had commenced ; being of opinion it is within the discretion of the court to permit a witness to be sworn, even at that period of the trial.

A new trial was asked, on the ground of newly discovered evidence, and refused. Such a refusal is in the discretion of the inferior court ; and it has been questioned whether this court could inquire into the correctness of the manner in which this discretion was exercised in the case of a continuance, over which it has a like control. *Trahan's Heirs* vs. *Broussard, 4 Martin,* 516.

This court never interferes in such cases, unless there be manifest error in the exercise of this discretion. In the present case the district judge examined the question of the new trial with great minuteness and detail, and stated his reasons at large. It does not appear to us that he erred.

On the merits, judgment was correctly given in favor of one of the defendants ; and the plaintiffs can avail themselves of a new action against the other, who obtained the non-suit, if they believe they can establish their claim. The non-suit was legally and fairly obtained, and the party cannot be legally deprived of it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.