No. 13,542.

WIDOW MARY MULLER VS. JACOB HOTH.

When the record of a suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence, and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed here, the court will, in its discretion, in the interest of justice, remand the cause.

APPEAL from the Civil District Court, Parish of Orleans —*King, J.*

*A. J. Lewis,* for Plaintiff, Appellant.

*Bernard Titche for* Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J.   This is a petitory action for the recovery of a certain lot or parcel of ground in the City of New Orleans.

The plaintiff is the widow of Henry Muller, who died in 1882.

Several years prior to his death, she had brought suit and recovered judgment against him for paraphernal funds and for separation of property and dissolution of the community of acquets and gains.

The year after this judgment was rendered she acquired by purchase, in her own name, authorized by her husband, from E. K. Washington, the property she now sues for and which is described in her petition as a

"lot and a half of ground bearing the old municipal number 757 on St. Claude street, composed of *lot No. 16,* measuring 31 feet lines deep, and the portion of ground adjoining said lot, being the half of *lot No. 15,* measuring 15 feet, 10 inches, 3 lines front on St. Claude street by 118 feet, 6 inches, 6 lines deep—all according to the plan by W. H. Bell deposited in the office of H. C. Dibble, notary public"—situated in the Third District of the city, in square No. 402, bounded by St. Claude, Clouet, Marais and Louisa streets."

She avers due registry of this act of sale to her and that she went into possession of the property, from which possession she was evicted by the defendant in 1890.

She sues to be declared to be the owner of the property, for its pos-

session, for rents and revenues, and for damages for unlawful dispossession, etc.

Defendant first filed exceptions of no cause of action and of prescription of three, five and ten years, and then, reserving benefit of his exceptions, answered averring his ownership of the property described in plaintiff's petition by chain of title substantially as follows:—

E. L. Hirstius had acquired it at sheriff's sale in May 1888. This sheriff's sale took place at the suit of John Rexach vs. Mary Muller (plaintiff). This suit was a proceeding *via executiva* in foreclosure of a mortgage. This mortgage was retained to secure balance of purchase price, in an act of sale of the property from Jacob Hoth, Joseph Schemel and John Stumpf to Mrs. Muller. The price of this sale was $350, of which $100 was paid cash, and for the remainder, $250, she executed her promissory note, payable to her own order and by her endorsed. This was the note the mortgage secured. It was not paid. It seems to have passed from Hoth, Schemel and Stumpf to Rexach. The foreclosure suit was brought in his name, and at the sale Hirstius, who is the cousin of Jacob Hoth (defendant), bought the property.

Hirstius, then, in July following, transferred, by act of sale, his title to Hoth, Schemel and Stumpf, each acquiring an undivided third of the property.

Then in June 1890, Schemel and Stumpf sold to Hoth their two-thirds interest.

The sheriff's deed to Hirstius describes the property sold therein as follows:—

"A certain lot of ground with the buildings and improvements thereon, situated in the Third District of this city, designated as *lot number* 6 in square 402, bounded by St. Claude, Clouet, Louisa and Marais streets."

It is then recited that "said lot measures 47 feet front on St. Claude street by a depth of 118 feet," and that the property sold is the same described in an act of sale passed before Legier, notary public, on the 18th of March 1887.

A reference to this act passed before Legier, notary, shows the same description, and it is there recited that the property is the same acquired by the vendors (in the sale before Legier, notary) at a tax sale from the State of Louisiana, sold to satisfy unpaid taxes due the State assessed against the property *in the name of Henry Muller.*

From which we gather that after Mrs. Muller acquired the property,

in April 1878, from E. K. Washington, it had been assessed for taxes *in the name of her husband,* and had been sold after his death to pay taxes so assessed against it, and at this tax sale Jacob Hoth, Joseph Schemel and John Stumpf became the purchasers for the sum of seven dollars.

This tax sale was made in February 1887 under the authority of Act 82 of 1884.

It appears, further, that a few weeks following their purchase at tax sale, Hoth, Schmel and Stumpf conveyed without warranty to Mrs. Muller the title they had thus acquired.

This was the act passed before Legier, notary, above referred to, and the one where, as before stated, she paid $100 cash and executed her note secured by mortgage for $250.

We thus find the situation to be:—

1. Mrs. Muller acquired the property by purchase in 1878.

2. It is assessed for taxes not in her name, but in that of her husband.

3. He dies, and under this assessment the property is sold for taxes and bought by Hoth, Schemel and Stumpf.

4. Those parties convey their tax title to Mrs. Muller without warrantry—she paying a portion of the agreed price in cash and giving note for the remainder with mortgage to secure same.

5. This note passes to Rexach, who forecloses the mortgage and Hirstius buys at the sheriff's sale.

6. He sells to Hoth, Schemel and Stumpf.

7. And then the two latter convey their interest to Hoth, the defendant.

In setting out his chain of title in his answer herein filed the defendant omits all mention of the tax title. He goes no further back than Hirstius' purchase in the foreclosure proceeding of Rexach *vs.* Muller.

· The tax deed is found in the record, but does not appear to have been formally offered and received in evidence. What attempt was made in this direction was by plaintiff. Defendant's object seems to have been to keep it out of evidence, for he resisted its offering.

Plaintiff's contention in regard to this tax title is that it forms the basis of defendant's whole claim to the property; that it was and is a nullity because the assessment for taxes, to enforce payment of which the sale was made, was in the name of one not the owner of the property, and because the tax purchasers, having assumed payment of the taxes

Muller vs. Hoth.

due the State subsequent to 1879 and not having paid same, acquired no title whatever; that they falsely represented themselves to her to be the owners and imposed upon her to the extent of causing her to be-lived they were owners, and under this belief she was led to pur-chase the property from them and accept their title and give her note for part of the purchase price with mortgages on the property; that she was at the time in possession as owner of the property in her own right; that the pretended vendors having no title themselves could and did convey none to her; that the subsequent foreclosure of the mort-gage by Rexach, an interposed party, and the purchase at the sheriff's sale thereunder by Hirstius, another interposed party, were but parts of the scheme to give a *seeming reality* to that which was actually without substance and void; that whatever possession the parties thus acquired of the property was in bad faith and not such possession upon which can be predicated the prescriptions pleaded; and that without replication plaintiff may attack all lines of defenses barricading her way to recovery.

Defendant adopts a line of defense which ignores the tax title. Yet it is the foundation stone of his claim to the property.

If it is to cut any figure in the case, it is likely, one of his conten-tions would be that the plaintiff, having *accepted* title from Hoth, Sche-mel and Stumpf, is estopped to deny they had any title to convey.

We reserve opinion on all questions and contentions thus raised or mooted.

The case must be remanded. It is considered that the interest of justice require it. The tax title should be offered and received in evi-dence. It is part of the defendant's chain of title, and he should offer it, and if he does not plaintiff should.

There should also be evidence to establish whether or not the taxes subsequent to 1879 assumed in the tax title were paid.

And there should be a survey ordered, or other means resorted to, to establish the identity, if such be the case, of the lots described in plain-tiff's petition, as acquired by her from E. K. Washington, with the lot No. 6, in square 402 as acquired by Hirstius at sheriff's sale in May 1888, and as acquired previously by Hoth, Schemel and Stumpf at tax sale in February 1887.

The descriptions in the two deeds do not tally and it is not consid-ered that the evidence in the record makes the identification sufficiently clear and certain to base a final judgment upon.

It is, therefore, ordered and decreed that the judgment appealed from be set aside and annulled, and the case remanded to the court *a qua* for further proceedings according to the views herein expressed and the law—costs of this appeal to await the final determination of the case and to be then paid by the party eventually cast.

NICHOLLS, C. J., takes no part, having been absent at the argument. Rehearing refused.