No. 9833.

Orleans Appeal. ·

THE ITEM COMPANY, LTD., v.
HEREFORD, INC.

(December 15, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 625, 626.**
Conclusions of the trial judge upon issues
which involve only the facts of a case
and veracity of one witness as against
another, will not be disturbed.

Appeal from the First City Court for the
City of New Orleans, Sec. "A"; Hon. Leon
L. Labatt, Judge.

This is a suit to recover the value of
newspaper advertisements.

Judgment for plaintiff. Defendant ap-
pealed.

Judgment affirmed.

Jos. G. Schillin, attorney for plaintiff and
appellee.

Henry Mooney, attorney for defendant
and appellant.

BELL, J. This case involves only issues
of fact concerning verbal agreements made
between the representatives of the respec-
tive parties to this suit.

Plaintiff sues defendant for the value of
certain advertisements published by plain-
tiff in its daily newspaper. The claim is
predicated upon a written contract signed
by the parties on December 1, 1923, and
which is admitted by the pleadings. Under
this contract the plaintiff was 'to furnish
during a period of one year, advertising
space amounting to fifty-two hundred agate
lines, at the price of 10¼c per line, in daily
and Sunday editions of the New Orleans
Item. Defendant bound itself under the
contract to pay for the advertisements on
a monthly basis as the space therefor was
used. There is nothing in the written con-
tract which stipulates the amount of space
to be used in any one advertisement, or the
time, by days or months, when the publi-
cations shall be made or demanded. The
plaintiff reserves the right to reject any
copy deemed objectionable. From this res-
ervation, it might be presumed, in the ab-
sence of proof as to custom, or to verbal
agreements de hors the contract, that the
advertiser, rather than the publisher, was
to prepare and furnish all copy and deter-
mine all dates for publication.

The petition sets up the contract, and
from documents annexed to the petition, it
is made to appear that plaintiff inserted
two publications, the first on December 2,
1923, for which, at the agreed rate, it claims
the sum of $41.00, and the second of De-
cember 16, 1923, for $114.80, or a total
claim of $155.80, the amount sued upon.

Defendant answers by admitting the writ-
ten contract, but denies that the publica-
tion of the advertisements referred to in
plaintiff's petition was made pursuant to
the contract. Admitting amicable demand,
it denies that the amount claimed or any
part thereof is due.

It has been admitted, however, by coun-
sel for defendant, that the advertisement
for December 2nd was made pursuant to
the written contract, and that the charge
therefor, to-wit, $41.00, is due.

There was judgment for plaintiff for the
full amount claimed, from which judgment
defendant has appealed.

Plaintiff's only witness is its advertising
agent, Mr. Caldwell, whose testimony is
most positive and clear as to the verbal
agreement made with defendant's repre-
sentative and as to just what was to be
published and when. Cross-examination of
this witness does not vary in any material
manner, his direct evidence as to this
agreement. He testifies that the first in-
terview was on November 26, 1923, with de-
fendant's agent, Mr. Lambert, and with the
president of the defendant company, Mr.
Hereford; that nothing definite was deter-
mined at this conference, but that two days

later, on November 28th, he again conferred with these same parties and suggested a tentative plan for holiday advertisements to be run on December 2nd, 9th and 16th; that the written contract forming the basis of this agreement was then signed; that on December 3rd, while discussing with defendant's representatives the changes in form of copy, to which objection had been made because of defendant's desire to keep the expense within $250.00, that Mr. Lambert finally suggested a smaller copy, similar to the one to be run on the 9th, in the New Orleans States, and that witness, Caldwell, agreed to this, saying that he could procure such form from the States' office, and that he would publish it in the Item on December 16th; that no publication whatever was made in the Item on the 9th. This witness, when asked on the stand, on cross-examination, why no advertisement was inserted on the 9th, swears that Mr. Lambert decided he didn't want to run it on that date, and that he, Caldwell, asked Lambert if he desired the ad to be run on December 9th, and that Lambert said not to do so; that following Lambert's instructions, he used the same copy of the 9th for publication in the Item on the 16th, without submitting such copy for approval.

The only testimony offered by defendant is that of Mr. Lambert, who simply denies that he authorized Mr. Caldwell to publish in the Item the identical advertisement that had been prepared by the States. This witness also testifies that he never approved nor received for approval any copy for publication in the Item on the 16th.

There is nothing in the record to show that there was ever any publication of any sort in either the Item or the States on the 9th. Though Mr. Lambert admits in his examination that he was in court during the entire trial of the case, he was not asked to rebut, nor did he volunteer a denial of Mr. Caldwell's positive testimony

to the effect that he, Lambert, had instructed Caldwell not to run any advertisement in the Item on the 9th. This witness does not deny that from the very beginning of the negotiations with plaintiff concerning the contract sued upon it was always agreed and understood that there was to be some sort of advertisement in the Item on December 16th. Defendant's sole attempt at justifying its refusal to pay the amount charged for the advertisement of December 16th, is found in a letter introduced in evidence by the plaintiff and reading as follows:

"February 2, 1924.

The New Orleans Item,
    New Orleans, La.
Gentlemen:
    We again return your bill dated December 31st for $155.80 and again state that insertion of December 16th was not ordered and that we do not propose to pay for same. It was distinctly understood between your representative and ourselves that an ad was to be given to the Item on the 9th and the 16th, that your office was to make up copy for us for both dates. He fell down on the job on the 9th by not showing up and thought perhaps it would be easier for him and would not make any difference to us by picking up the copy that the States went to the trouble of making up for us. Please, therefore, mail us corrected invoice for the correct amount which we will be very glad to pass for payment. As far as witnesses to the order given by Mr. Lambert, this is the first time that a newspaper has sent anyone around to witness any transaction with us and we assure you that it will be the last.
            Yours very truly,

            HEREFORD, INC.,
            (Signed) R. Hereford, Pres.
RSH/MML."

The gravamen of defendant's complaint, as we are able to gather it from the foregoing letter, is that some copy intended by it to be used in the States was also used without its authority in the Item's ad of the 16th. There is proof in the record that identical copy was used in both of

these newspapers on that date, but defendant has not claimed, by way of pleading, nor has it proven by any evidence, that the Item copy of the 16th was contrary to any agreement between the parties, nor that the publication, either in size, composition or results, fell short of the purposes contemplated or agreed upon.

We are impressed by Mr. Lambert's failure to deny that he discussed with Mr. Caldwell a form of copy made up largely from the States copy, some parts of which he is shown to have approved, and some to have rejected. This uncontradicted evidence leads us to believe that there must have been some positive negotiations between the parties concerning the use, in some manner, of copy to be run in the States.

There is nothing in the record to show that defendant's contract gave it the right to repudiate the whole contract because any one of the periodical publications might have been omitted or because the copy was not published as agreed upon. We have already noted that there is positive uncontradicted evidence to the effect that the publication originally contemplated for the 9th of December was withdrawn under specific instructions of defendant's agent, Mr. Lambert. Defendant not having rebutted this evidence, nor claimed any damages for breach of the contract in this respect, the evidence as given must be taken as true.

We can find no justification in law or fact for defendant's refusal to pay the claim as presented. The judgment appealed from is correct and should be affirmed.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.