**HANDY v. N. O. PUBLIC SERVICE, INC.**

———

(April 21, 1930.   Opinion and Decree.)

———

John J. Wingrave, of New Orleans, attorney for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

HIGGINS, J.   Plaintiff sues defendant as a carrier of passengers for damages for personal injuries alleged to have been sustained while alighting from a street car of defendant company at the corner of Washington and Freret streets in the city of New Orleans on July 18, 1928, at 11 o'clock a. m.   The charge of negligence against the defendant company is that, as the plaintiff was attempting to alight from the car, it prematurely started, causing her to fall to the ground.

Defendant denied that it was in any way guilty of negligence and avers that the plaintiff fell, after the car had properly stopped, as a result of stumbling or tripping over the foot of her companion while descending from the step of the car.

There was judgment in favor of the defendant, dismissing the suit, and plaintiff has appealed.

The defendant clearly proved by a preponderance of the evidence that the plaintiff fell as the result of stumbling or tripping over the foot of her companion while descending from the step of the car, and not because of the premature starting of the car.   Defendant having shown that it was free from fault or negligence, there can be no liability.

Plaintiff contends that the lower court erred in refusing to grant her a new trial upon the grounds of newly discovered evidence.   In support of this motion for a new trial, affidavits of two witnesses were attached to the effect that the conductor rang the car bell, as a signal for it to start,

before the plaintiff could safely alight, and, as a result of the premature starting, she was thrown to the ground. There is no reason assigned why these witnesses were not discovered until after the judgment was rendered. The accident happened July 18, 1928, suit was filed on September 13, 1928, and judgment was rendered on March 12, 1929, and motion for a new trial was filed March 15, 1929, and rule to show cause why a new trial should not be granted was tried on March 22, 1929, and a new trial refused on May 13, 1929. It appears that the witnesses lived in the immediate neighborhood of the accident, and we have no doubt that, had due diligence been exercised, these witnesses could have been produced at the original trial. It further appears that the evidence is merely cumulative. In the case of Teutonia Bank & Trust Co. vs. Heaslip, 138 La. 860, 867, 70 So. 861, 863, the Supreme Court said:

"The ruling on the motion for a new trial, based on newly discovered evidence, will not be disturbed. The evidence was merely cumulative; and it was discretionary with the trial judge to grant or refuse the motion. No error or arbitrariness in the rulings of the judge is disclosed in the record."

See, also, Muller vs. Hoth, 105 La. 246, 29 So. 709; Sorrel vs. St. Julien, 4 Mart. (O. S.) 508; Roberts vs. Rodes, 3 Mart. (N. S.) 100; Toulman vs. Elliott, 15 La. 266; Miles vs. Craig, 6 La. Ann. 753; Andre vs. Bienvenu, 1 Mart. (O. S.) 148; Linton vs. Stanton, 4 La. Ann. 401.

The record shows that the judge a quo was correct in refusing the new trial.

For the reasons assigned, the judgment is affirmed.