## GOLDSMITH v. UNITY INDUSTRIAL LIFE INSURANCE & SICK BENEFIT ASSN.

(May 5, 1930. Opinion and Decree.)

Charles J. Mundy, of New Orleans, attorney for plaintiff, appellant.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit for damages claimed by plaintiff, a colored woman, to have been sustained as the result of slanderous remarks alleged to have been made about her on three occasions by employees of defendant company. The defense is a denial that the remarks quoted in the petition were made, and, in the alternative, a plea to the effect that, even if any of the said slanderous statements were actually uttered by the employees in question, nevertheless, no liability in defendant results, because it was no part of the duty of the particular employees to investigate or discuss the subject-matter concerning which the alleged remarks are said to have been made, and that, thus, if the remarks were in fact made by the employees, they, in making them, were acting without the scope of their respective employments.

The record shows that plaintiff's husband had, on various occasions, drawn sick benefit payments from defendant, and that, since the rules of the defendant and the policy stipulations provided that sick benefit payments should be drawn only by claimants actually confined to bed, an inspector was sent to the residence of plaintiff and her husband to ascertain whether in reality he (the husband) was so confined.

It is alleged that, when the said inspector, Hardy by name, called at the domicile, he, in the presence of friends of plaintiff, said:

"I came from the Unity to tell you that if you people would read your policy you wouldn't have to file claims against the Association. The Association will not pay this claim, because Nias Goldsmith has syphilis, a venereal disease, and under our policy, the Association don't have to pay for such sickness in such a case."

It is further alleged that, when Nias Goldsmith, the husband, denied that he was suffering from the said disease, Hardy replied:

"Well if you didn't get it, then your wife must have it and she must have gone out and gotten it and gave it to you."

Plaintiff also claims that at another time one Triche, also an employee of the company, in the presence of Lulu Sims, a friend of plaintiff's said:

"The company will not pay his claim because you and your husband both have syphilis and you better get home you poor nigger."

Further slanderous remarks are alleged to have been made by still another employee, Broussard, who, according to plaintiff, said in the hearing of several of her friends:

"Our association is absolutely not going to pay your husband's claim because the company has proof that you and your husband have syphilis."

Of course it is conceded, as it must be, that to untruthfully charge a person with having a loathsome disease is slander. Meteye vs. Times-Democrat Publishing Co., 47 La. Ann. 824, 17 So. 314. It is also slanderous to charge a person with having had immoral, adulterous relations with another. Jackson vs. Briede, 156 La. 573, 100 So. 722. Since such statements as are charged to have been made, if actually made, are slanderous per se, it is not necessary that actual malice be shown. Jozsa vs. Moroney, 125 La. 813, 51 So. 908, 27 L. R. A. (N. S.) 1041, 19 Ann. Cas. 1193; Savoie vs. Scanlan, 43 La. Ann. 967, 9 So. 916, 26 Am. St. Rep. 200; McClure vs. McMartin, 104 La. 496, 29 So. 227; Buford Bros. vs. Sontheimer, 2 Orleans App. 296. But, of course, no matter how grossly slanderous such remarks may be, there can be no liability if

they were not actually made, and we have reached the conclusion that the record fully sustains the finding of the district judge, which seems to have been to the effect that the evidence does not preponderate towards plaintiff's contention that the remarks were actually made. It is therefore unnecessary for us to consider the defense that the remarks, even if made, were not made within the scope of the employment of the respective employees.

We note on the part of the witnesses for the plaintiff a remarkable accuracy in repeating the exact slanderous words said to have been uttered and an equally remarkable absence of recollection of other incidents and details.

A reading of the evidence given by these witnesses convinces us, as it no doubt did his honor below, that the testimony given on the witness stand was rather the result of consultation and discussion than of actual recollection of events.

At any rate only a question of fact is involved, and we cannot persuade ourselves that the record warrants a reversal of the finding of the trial court thereon. Item Co. vs. Hereford, 1 La. App. 288; Pitard Hardware Co. vs. Lala, 1 La. App. 534; Palmisano vs. Faust, 1 La. App. 756; Brugier vs. Todd Bros. Auto Co., 2 La. App. 741; Becker vs. I. C. R. R. Co., 2 La. App. 745.

Plaintiff, appellant, complains that the trial court should have granted a new trial, since the application therefor was supported by an affidavit with reference to new evidence which had been discovered. It is contended that this application for a new trial was refused after the death of the district judge who had heard the evidence, and before his successor had the opportunity of reading the testimony.

The right of the district court to grant or refuse a new trial will not be interfered with, except in a case of plain abuse of discretion, particularly where it is evident that the new evidence sought to be introduced is merely cumulative. Handy vs. N. O. Public Service, Inc., 13 La. App. 257, 127 So. 753; Teutonia Bank & Trust Co. vs. Heaslip, 138 La. 860, 70 So. 861; Muller vs. Hoth, 105 La. 246, 29 So. 709; Sorrel vs. Julien, 4 Mart. (O. S.) 508; Roberts vs. Rodes, 3 Mart. (N. S.) 100; Toulman vs. Elliott, 15 La. 226; Miles vs. Craig, 6 La. Ann. 753; Andre vs. Bienvenu, 1 Mart. (O. S.) 148; Linton vs. Stanton, 4 La. Ann. 401.

For these reasons, the judgment appealed from is affirmed.