ue" has been taken care of in the cost of operating expenses and that it was properly disallowed.

See the case of Los Angeles Gas & Electric Corporation v. Railroad Commission, supra, where practically all the cases on the subject are cited and reviewed.

Columbus Gas & Fuel Co. v. Public Utilities Commission, 292 U.S. 398, 54 S. Ct. 763, 78 L.Ed. 1327, 91 A.L.R. 1403.

Rate making is a legislative and not a judicial function. The function of the court is to see that constitutional limitations are not transgressed by the rate-making body. We do not think they have been in this case.

The language used by Chief Justice Hughes in the Lindheimer Case (Lindheimer v. Illinois Bell Tel. Co.), 292 U. S. 151, 54 S.Ct. 658, at page 668, 78 L.Ed. 1182, is applicable here:

"It is not the function of the court to attempt to construct out of this voluminous record independent calculations to invalidate the challenged rates. It is enough that the rates have been established by competent authority and that their invalidity has not been satisfactorily proved."

For the reasons assigned, the judgment of the district court is reversed and set aside, and it is now ordered that the Louisiana Public Service Commission's order No. 1530, made and dated March 2, 1935, be reinstated and made effective from its date.

Hudson, Potts, Bernstein & Snellings, of Monroe, and Vinson M. Mouser, of Columbia, for appellants.

Moss & Moss, of Winnfield, and Cameron C. Minard, of Columbia, for appellee.

**HILL v. TAYLOR et al.**

No. 5454.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

TALIAFERRO, Judge.

Plaintiff is the owner of St. Albans plantation, in Caldwell parish, La., and defendant, the surviving widow of A. R. Taylor, deceased, and testamentary executrix of his succession, owns Calldon plantation, which adjoins St. Albans on its south side. The common boundary line of the two plantations traverses a Spanish grant, designated as American section 41 in township 14 north, range 4 east, easterly and westerly. This common line was conventionally established in 1875 by the then owners of the two places, viz.; the late A.

W. Faulkner and Mrs. Harmanda Call, now deceased. The parish surveyor, R. F. Humble, was employed for the purpose. A procés verbal of the survey was recorded. A copy of it is in the record. Stone markers were erected at intervals along the line thus established, and, until this litigation arose, no controversy over this line or the proper extent of each adjacent owner's right of possession was questioned. A. R. Taylor acquired the Calldon place in August, 1912. Plaintiff acquired St. Albans in October, 1929. Both chains of title are traced unbroken back to the ownership as of the date of the Humble survey. Both places have been continuously used, possessed, and cultivated as plantations since that time, and have been transferred with reference to the Humble line as dividing them.

In the early part of the year 1935, plaintiff, believing that Taylor's fence and possession encroached upon his land to some extent, endeavored to procure his consent to have the common line between them rerun and re-established. These efforts were unsuccessful. This suit to accomplish that desire was subsequently instituted. In the meantime, Mr. Taylor died.

The parish surveyor of Caldwell parish was appointed by the court to rerun the common line. In performing this duty, he retraced and re-established the Humble line. This survey disclosed that the easterly portion of defendant's fence for a distance of some 20 chains was north of the common boundary line. The land of plaintiff inclosed thereby is in the form of an acute triangle, with apex toward the west. Its base is 87.50 links and area practically one acre. The correctness of this survey and the line established thereby is conceded by both litigants. Defendant contends that she is now the owner of this triangular tract of land by virtue of uninterrupted physical possession for more than 30 years and pleads in support of her position and in bar of plaintiff's asserted ownership, the prescription of 30 years established by article 852 of the Civil Code. The efficacy of this plea, as against plaintiff's claim of ownership, presents for decision the only issue between the parties. Its disposition depends upon the facts reflected from the evidence. It was resolved against the pleader, who carried the burden of proof, and she has appealed to this court. If she could show corporeal and continuous possession, regardless of change in ownership, for 30 years, this plea would be good. Opdenwyer v. Brown, 155 La. 617, 99 So. 482.

The trial judge has favored us with a well-written opinion. It is not prolix. It rather tersely, though lucidly, discusses and disposes of the only issue in the case and, after a careful study of the record, we believe it is correct. No good purpose would be promoted by a discussion and analysis of the conflicting testimony in the case. The burden rested upon defendant to sustain her plea by convincing evidence. She has not done this. We quote with approval and adopt this opinion:

"This is a boundary suit brought by the plaintiff against the defendant, whereby a surveyor was appointed by the court to establish the land line between the contiguous estates of plaintiff and defendant.

"The defendant answered the suit and set up a prescriptive title to about one acre of land alleged to have been possessed by the defendant and her authors in title for a period of more than 30 years. The defendant claims to have prescribed beyond her title for this excess of one acre and claims that it has been held and possessed by visible bounds for more than 30 years.

"The correct boundary line between the two estates is admitted to be that found by the surveyor and established by him under order of the court. It is not contended that this boundary line is not the true boundary line, but it is admitted that this said boundary line is the correct line between the two estates. The sole question to be determined is whether or not the defendant has prescribed for this said acre of land by continued possession for more than 30 years.

"A plea of estoppel has been filed on behalf of plaintiff, setting out that inasmuch as the true boundary line is admitted and it being the boundary line called for in defendant's deed, she is estopped from undertaking to claim by prescription this acre, more or less, which extends beyond her true boundary line. There is a good deal of force in this plea of estoppel, but since I have found from the evidence that the plea of prescription is not well founded on the facts in the case, I will pretermit any discussion on the plea of estoppel and consider it as overruled for the purpose of this decision.

"I have found from the evidence submitted by defendant that the possession by visible bounds for 30 years has not been

proven with sufficient clearness to establish it. There are some five witnesses that testified on this point for defendant, but when the testimony of each witness is examined critically, I have concluded that this possession has not been shown with legal certainty.

"Mr. McClanahan, who testified for the plaintiff and who managed this plantation about 1912, testifies positively that the fence relied upon by defendant to establish the visible boundaries of the acre of land in question was not in fact in existence in 1912. It appears to the Court that the positive testimony of this witness is entitled to great weight, and his testimony, coupled with that of the other witnesses who testified for plaintiff, far more than overbalanced the testimony of defendant's witnesses on the fact as to the existence of the fence for the necessary period of 30 years required to establish prescription to this disputed tract of land.

"Very strong proof would be necessary to create a jog or offset in a perfectly straight boundary line between two estates and which boundary line corresponds with the cause in defendant's deed and which boundary line is admitted by all the parties concerned to be the original and true boundary line separating these said estates. The burden of proof rests upon defendant to establish clearly and unequivocally a title to this irregular offset piece of land in this otherwise perfect boundary line between the two estates.

"For the reasons outlined above the plea of prescription is overruled and the boundary line as established by the surveyor under the order of this Court is hereby declared to be the true and only boundary line between the estates of plaintiff and defendant, and plaintiff's title is declared to extend to this common boundary line as called for in the deed of defendant, and defendant's right to the acre of land she claims to have prescribed for beyond her title is hereby denied, all at the costs of defendant. See decree in this case.

"Wiley R. Jones,
"Judge."

■■ After submission of the case, but prior to rendition of judgment, defendant filed motion to reopen it for the purpose of receiving the testimony of two witnesses whose existence and whose knowledge of the facts of possession by defendant and her authors in title of the land in controversy, it is alleged, was theretofore unknown to defendant. This motion is supported by affidavits signed by these newly discovered witnesses which, in substance, relate the facts they would be expected to testify to, if given opportunity. The motion was denied by the trial judge, and mover complains of the ruling. If these witnesses should testify as alleged, their evidence would only be cumulative in character. Other witnesses in the case have already given evidence of practically the same import. We are quite sure that the additional testimony would have no effect upon the ultimate disposition of the case. Anyway, motions of this character address themselves to the sound discretion of the trial judge. His action thereon will not be disturbed save for manifest abuse of such discretion.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.