## WATTS v. FISHER LUMBER CORPORATION.

### No. 5958.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

George W. Bolton, Jr., and A. Milling Bernstein, both of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

HAMITER, Judge.

Plaintiff, a person 64 years of age, entered defendant's employ on the 14th day of October, 1937, and worked daily therein until October 22, 1937. On the last mentioned date, while engaged in performing the duties that his employment required, he became disabled.

Thereafter, the employer was made defendant in this proceeding, instituted pursuant to the provisions of the Louisiana Employers' Liability Act, Act No. 20 of 1914, in which compensation as for total and permanent disability is asked. The petition recites the following cause of action:

"Petitioner avers that on or about October 22nd, 1937, while so engaged upon his employer's business he was repairing a locomotive, and that it became necessary for him to stand upon a platform about five (5) feet high beside the same in order to work upon the cylinder head of the engine. Petitioner avers that while he was using a wrench on a nut upon the cylinder head, the wrench slipped, throwing your petitioner off balance and causing him to fall to the ground about five (5) feet below, and that in the fall your petitioner struck the left side of his head, his left shoulder and left hip injuring the same in such a manner that he has been unable, since the said accident, to pursue his occupation, and that your petitioner is now totally and permanently disabled to do work of any reasonable character."

The quoted allegations are denied by defendant in the answer. It affirmatively avers:

"* * * that although plaintiff was in its employ on October 22, 1937, that he does not have and has not had any disability of any nature or kind arising by accident in connection with defendant's trade, business and occupation and for that reason plaintiff is not entitled to and defendant does not owe any compensation or any incidental expense and has no liability herein."

Judgment was rendered, after a trial of the merits, rejecting the demands of plaintiff. A motion for a new trial was filed by him, and on its being overruled, he appealed.

The record is convincing that the employee is totally and permanently disabled to do work of any reasonable character. As correctly stated in the brief of his counsel, "the only real issue presented here is simply whether or not plaintiff's total permanent disability did or did not result from an accident." Concurrence with this statement is found in the brief of defense counsel.

An irreconcilable conflict exists in the medical proof as to whether or not the disability was produced by trauma, and also in the lay testimony regarding the occurrence of the claimed accident. With reference to the first mentioned evidence, the trial judge states in his written opinion, which we find in the record, as follows:

"On trial of this issue the Court was furnished by both litigants with very able and expert medical testimony, and they all agree on only one essential fact of the case, viz.; that the plaintiff is permanently and totally disabled. As to the cause of the disability, the medical experts for the plaintiff very convincingly described shadows or tracings on an X-ray photograph of the plaintiff's head and neck as a fracture of a neck vertebra, thus affecting the nerve system and causing intense pain and partial paralysis of the left side. The expert testimony for the defendant just as convincingly described the same shadows and tracings of the same photograph as a collection of calcium, usual and common in persons afflicted with diseases as is this plaintiff.

"The confusion and disagreement of this testimony is such that one is justified in wondering what could be reasonably expected of the opinion of the trial judge unskilled in the science of medicine, when the most learned and able scientists are unable to agree, or to steal a thought from Chaucer's 'Poor Parson'—'If gold rusts, what will iron do?'"

Continuing, the opinion recites the finding that an accident, such as plaintiff alleges, did not occur. The language employed regarding this is:

"But fortunately in the present instant, we are saved from the dilemma. From the evidence introduced, this Court is unable to find therefrom that the plaintiff was injured while in the employ of this defendant or that his present affliction, no matter what the cause, is a result of any injury that he may have received while employed by this defendant.

"At the time of this alleged accident there were a number of by-standers and co-workers of the plaintiff present, all of whom testified that the plaintiff did not fall from a scaffold, nor did he receive any injury at the time. That while standing on the ground he was seen to stagger and was assisted by his co-workers. Dr. Brown testified that he was present and rendered immediate medical aid. His diagnosis was that the plaintiff suffered a light cerebral hemorrhage, and that his present condition is a result of this affliction. The Court is forced to concur in this opinion."

It is to be seen from the foregoing that the instant case presents only issues of fact; and in view of the conflicting testimony that the record furnishes, a correct determination of these requires that the credibility of the witnesses be passed upon. Our position for making such decision is not so good as that of the trial judge who saw and heard the persons giving the testimony. It is well settled that, "Conclusions of trial judge on questions of fact with respect to credibility of witnesses and weight to be given their testimony are entitled to great weight, and his judgment, when based on facts alone, will not be disturbed unless clearly erroneous." Gipson v. Spearman, 186 La. 18, 171 So. 558. We have carefully studied all of the evidence and cannot say that he has manifestly erred. Therefore, his decision will be approved.

■ Attached to the motion for a new trial, above referred to, are affidavits of two persons who attest to having witnessed the happening of an accident. The pleading recites that these witnesses were unknown and unavailable at the time of the trial of the case. The offering of this alleged newly discovered evidence, cumulative in character, was not permitted, as is evidenced by the overruling of the motion. Where the new evidence sought to be introduced is merely cumulative, the ruling of the district judge on a motion to reopen or for a new trial will not be disturbed, unless there has been clear abuse of the discretion which the law grants him in matters of that kind. Goldsmith v. Unity Industrial Life Ins. & Sick Benefit Ass'n, 13 La.App. 448, 128 So. 182; Hill v. Taylor, La.App., 174 So. 196. It does not appear that such discretion has been abused.

The judgment is affirmed.