466 So.2d 572 (1985)
Earl and Lynn MOREAU
v.
Gregory Henry BRENAN.
No. 84-CA-421.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*573 Nathan Greenberg, Greenberg & Dallam, Gretna, for Earl and Lynn Moreau plaintiffs-appellants.
George B. Gaudet, Jr., Metairie, for Gregory Henry Brenan defendant-appellee.
Before BOUTALL, GAUDIN and DUFRESNE, JJ.
BOUTALL, Judge.
This is a defamation suit. The plaintiff has appealed for an increase in the award for damages.
The defamation action arose from certain allegations by Gregory Brenan of immoral behavior on the part of Mrs. Lynn Moreau. The allegations were made by Brenan in a rule to change custody of his son to himself from the custody of his ex-wife, Ana Martinez Brenan, in the divorce proceeding, Gregory Henry Brenan v. Ana Martinez Brenan, 24th J.D.C. No. 247-401, filed on December 21, 1981. Brenan alleged that his ex-wife was an unfit mother and also that she left their child in the care of Mrs. Moreau, who was unfit to care for him because she was having extramarital sexual relations, possibly at times when the child was with her. The information on which the allegations were based, Brenan testified later, was furnished to him by Blanca Martinez, his ex-wife's sister, and by Craig Mullins, who had received information from his wife, Ana Martinez Brenan's other sister, Cecelia Martinez Mullins. Prior to the breakup of the Brenans' marriage, all the parties had been on friendly terms. Afterward, Mrs. Moreau and Ana Brenan had continued their friendship. Mrs. Moreau helped Ana clean and redecorate an apartment and kept the Brenan child frequently, as she had a son near his age.
The Moreaus sued Gregory Brenan for humiliation and mental suffering resulting from Brenan's statements, later amending to add as defendants Craig and Cecelia Mullins and Blanca Martinez. Trial was held on August 26, 1983. In a judgment signed on September 1, 1983 Craig and Cecelia Mullins and Blanca Martinez were dismissed from the suit. In a judgment signed on September 27, 1983 the court found in favor of the plaintiffs, awarding damages in the amount of $1,000 and casting the defendant, Brenan, for court costs. This appeal followed.
The only issue before the court is whether the damage award was adequate.
The allegations were based on an incident that took place in late 1981, when Blanca Martinez attempted to enter an apartment rented to Ana Brenan, where Blanca was also living, and found Lynn Moreau in the apartment. Mrs. Moreau testified that Ana had given her the key so that she could drop off a vacuum cleaner, and that the two women were to meet later on at a friend's shop. While in the apartment Lynn locked the front door and attached the chain because she wanted to use the bathroom, which she was unable to latch. When Blanca called to her from the partly open door, Lynn called to her to wait. When Lynn eventually opened the door, Blanca had gone.
Blanca's version differed in that Lynn came to the door, opened it a crack, and told her to wait a few minutes. When Lynn came to the door, she was buttoning the sleeve of her blouse. Further, Blanca testified that a Mercedes was doubleparked behind Lynn's car. She did not hear anyone in the apartment nor did she see anyone. She left and when she returned, both cars were gone. She testified that she was very angry with Ana for letting someone else enter the apartment and called her sister Cecelia about it. They both concluded that Lynn was using the apartment for extra-marital sexual activity. Having been informed of the incident by Cecelia's husband, Craig, Brenan filed the rule in an effort to gain custody of his child.
Defamation in Louisiana is a quasi-offense, governed by LSA-C.C. art. 2315. To be successful, a litigant must prove the following elements: (1) defamatory words, (2) communication to persons other than the one alleging the action, (3) falsity, (4) *574 malice, actual or implied, (5) resulting injury. Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir.1978) and cases cited therein. Where the defamatory words impute immorality or other traits or acts calculated to arouse hatred, ridicule, etc., the words are "defamatory per se." Where defamation per se is found, falsity and malice are presumed. Goldsmith v. Unity Industrial Life Ins. & Sick Benefit Ass'n., 13 La.App. 448, 128 So. 182 (1930); Wattigny v. Lambert, 408 So.2d 1126 (La.App. 3rd Cir.1981), writ denied 410 So.2d 760 (La.1981). The amount of damages is left to the discretion of the trier of fact. Jaworsky v. Padfield, 211 So.2d 122 (La.App. 3rd Cir.1968).
In his reasons for judgment the trial judge stated that Brenan's words alleging wrongful sexual conduct by Mrs. Moreau were defamatory per se. The statement was published, as a judicial pleading is a public document and was read by at least one person other than Mrs. Moreau.
Damages may be awarded for humiliation, loss of reputation, embarrassment, and mental suffering, even without pecuniary loss. The factors to be considered by the trier of fact in setting quantum are listed in Jaworsky v. Padfield, supra, as follows at 127:
"... the severity of the charges, the motives of the defamer, the position of influence enjoyed by the defendant and the extent of the publicity which was given to the defamatory statements."
In his reasons for judgment in our case, the judge stated that he felt the evidence was of minimal damages, for which an award of $1,000 was proper. He said:
"... In the instant case, although the statement made about Lynn Moreau was rather severe, this Court feels that Gregory Brenan's motives for making the statement emanated from his concern for his child, and not from a desire to deliberately injure Mrs. Moreau. In addition, Mr. Moreau admitted in his testimony that they told no one of the statement in question. Thus, the communication was limited mainly to court personnel. With regard to special damages, the plaintiffs offered no evidence to support any specific financial loss, for example, the loss of commission alleged by Mr. Moreau resulted from accounts that were, by his own testimony, experimental. Nor was there any evidence offered to prove reimbursement for medical fees for psychiatric treatment. There was also no evidence showing that the plaintiffs' reputation in the community suffered in light of the fact that the plaintiffs are still members of their country club, and the fact that Mrs. Moreau continues to teach piano lessons in her home."
We agree with the trial judge's finding that the plaintiffs were defamed, and that the defendant's allegations constituted defamation per se, but we find no justification for increasing the award. The cases cited by the appellants as authority for an increase are all distinguishable from this case in terms of publication and severity of damage. In Greenberg v. DeSalvo, 216 So.2d 638 (La.App. 4th Cir.1968) defamatory statements were made over a period of years in the presence of others in local courthouses and calculated to destroy an attorney's professional standing and income. In Snowden v. Pearl River Broadcasting Corp., 251 So.2d 405 (La.App. 1st Cir.1971), writ refused 259 La. 887, 253 So.2d 217 (1971), the damaging statements were broadcast by a radio station with a potential audience of 500,000. In Wattigny v. Lambert, supra, the Court of Appeal based its raising the award on these factors: the allegations were false and published without investigation or corroboration; the plaintiff's position in the community was damaged; publication was made by all the media; and, as a result the plaintiff and his wife had suffered severe anxiety over a period of three years.
In reviewing the testimony, we are unable to find that these plaintiffs were damaged to the extent of the plaintiffs in the above cases, or that the allegations received comparable publicity. There is no showing of ostracism or job discrimination of either plaintiff. Publication was limited to court personnel, family members, and a *575 few other persons who learned of the lawsuit through gossip. Although we deplore Brenan's admitted failure to investigate the information on which he made the allegations and reckless exposure of the Moreaus to possible harm, we view the defamatory allegations as a side issue in an ongoing divorce battle and family squabble.
The defendant argues in brief that the award should be reduced to $1.00; however, as he did not appeal the judgment, we do not consider a reduction. Although the plaintiffs' provable damages are difficult to pin down from a reading of the record, we believe that the amount of the award is appropriate in light of the discretion allowed the trial court in assessing damages. LSA-C.C. art. 1999; Jaworsky v. Padfield, supra.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.